EJECTMENT.

Case 93.

*April* 29.

Case stated.

## Chrisman *vs* Gregory's Heirs.

### APPEAL FROM THE HENRY CIRCUIT.

*Conveyances. Evidence. New trial. Femes covert.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action of ejectment was brought by the heirs of Caroline Gregory, upon the same title stated in the case of *Drane* vs *Gregory's heirs*, (3 *B. Monroe*, 619.) In the present case there were two trials; on the first of which the Court having instructed the jury, upon the plaintiff's evidence, to find for the defendant, became afterwards satisfied that the instruction was wrong and set aside the verdict, during the term, without motion, to which the defendant excepted. Upon the second trial a verdict was found for the plaintiff, and to reverse the judgment thereon the case has been brought to this Court.

The first question to be noticed relates to the propriety of setting aside the first verdict. On the first trial the plaintiff read, without objection, the patent to George Muse, for 1300 acres of land, dated in 1785, and including the land in contest, also a copy from the record purporting to be the will of George Muse, proved and admitted to record in 1790, whereby he devised the residue of his estate, (including this tract,) to his two daughters,

Kitty and Caroline, and proved that said Caroline had intermarried with William Gregory. He read also, a paper purporting to be a certified copy from the county court records, of a division of that tract, in 1797, by commissioners, at the instance of Gregory. Also a deed of 1808, purporting to be from said Gregory and wife, in right of the latter, as devisee of said George Muse, and to convey 101 acres of said 1300 to Michael Mitchel, and a deed of 1834, from Mitchel to the defendant, Chrisman, for the same land. It was proved that these deeds covered the land in contest; that it was in Mrs. Gregory's part of the division aforesaid; that Chrisman was in possession when the suit was commenced; and that Mitchel had, for a long time, lived upon the land, claiming under Gregory and wife. The death of William and Caroline Gregory was also proved; that of the former within three years before this suit was commenced. And it was proved that the lessors were the heirs of the latter.

It is now contended that the instruction to find for the defendant, upon this evidence, was right, and the setting aside of that verdict consequently erroneous. First, because the deed purporting to convey the title of William and Caroline Gregory, to Mitchel, was effectual for that purpose, and if not so, when its authentication is strictly considered, that having been read as evidence, by the plaintiff, without objection from the defendant, it was too late to scrutinize the authentication, but the deed was evidence of the transfer of title according to its tenor. With regard to the legal efficacy of the deed to pass Mrs. Gregory's title, it is sufficient to state that though it bears date in 1808, and has upon it the clerk's certificate, dated within eight months, of its having been proved by one witness to be the deed of Wm. Gregory, there was not full proof, as to Gregory, until August, 1815, nor any acknowledgment by Caroline Gregory until June and August of the last named year.

The case of *Applegate* vs *Gray*, (9 *Dana*, 217,) and the authorities there referred to show that if the acknowledgment of Mrs. Gregory, seven years after the date of the deed, were even taken and certified in legal form, and although it was acknowledged about the same time

A pl'tf in eject-
ment, by reading
a deed purport-
ing to convey ti-
tle from husband
and wife to de-
fendant, or those
under whom he
claims, is not es-
topped to deny
that no title pas-
sed thereby—the
effect of the deed
it is for the Court
to decide.

CHRISMAN
*vs*
GREGORY'S H's.

by her husband, these facts, properly certified, would not authorise the recording of the deed, either as to the husband or the wife, and are wholly insufficient to constitute or prove the transfer of her title, which could only pass by deed acknowledged on privy examination, recorded as the law directs. Nor is it conceded that by reading the deed as evidence, the plaintiff can be held to have admitted more than the facts appearing on the paper itself, viz: that it was made, acknowledged, certified and recorded as it purports to have been, leaving himself free and unprecluded as to the legal effect or consequences of any of these facts. The deed then, though made by Caroline as well as by Wm. Gregory, being, as to the former, wholly ineffectual to pass her title, unless acknowledged, upon privy examination, duly taken and recorded, the plaintiff admitting all the facts appearing on the paper read, was yet entitled to insist that, though effectual as to Wm. Gregory, and though tending, with other facts, to show that the land was held under both of the apparent grantors, the deed was entirely inefficacious to pass the title of the wife, and left it, therefore, to descend to her heirs. The instruction of the Court in favor of the defendant, if based upon the idea that by reading the deed the plaintiff had conceded its sufficiency to pass Mrs. Gregory's title, was therefore erroneous, and it was the duty of the Court to relieve the plaintiff from the consequences of the error.

If the Court misdirected the jury as to the legal effect of a deed, it is but justice to the party injured that the Court *ex officio* order a new trial.

It is further contended, that if the Court could properly look into the authentication of this deed, after it had been read, and give the plaintiff the benefit of its insufficiency, notwithstanding its having been read by him, it was also proper to look into the authentication of the will, and to give to the defendant the benefit of any defect appearing therein; and that the certificate of the probate of the will appearing not to be sufficiently attested or authenticated, the will was entitled to no effect as evidence of a devise to Caroline Muse, and a link being thus wanting in the plaintiff's derivation of title, the instruction to find for defendant was on this ground correct.

To this it may be answered that if the will be excluded, except so far as it is explanatory of other evidence

referring to it, there is still testimony conducing to prove that Caroline Gregory was one of the heirs of George Muse, the patentee, and this, with the other evidence, would have authorized a verdict for the plaintiff, since the jury might have found that, to the extent of the land covered by the deed to Mitchel, the possession had been acquired and held under that deed and in her right, to the exclusion of her co-heirs.

And further, the will, with its certificates, having been admitted, without objection, the defendant must, upon the same principles already applied to the plaintiff, be held to have admitted the facts that this is a copy of a paper executed by George Muse for a will. And if, on account of the alledged defect in the authentication, it should be deemed inoperative as a will, yet its statements, being evidence, tend to prove that he had but three children, of whom Caroline was one, and the lessors being proved to be her heirs, and no bar by adverse possession being shown, the plaintiff was entitled to recover to the extent of one-third, at least, of the land in contest, on the ground of title only, though the possession had not been first taken under the deed of 1808, and though the division of 1797, and subsequent possession under her right, should not have the effect of perfecting her title to the whole extent of the deed just referred to.

But to look more directly to the alledged defect of authentication and its proper legal consequences upon the instrument, as being a will or the evidence of a devise. Here is a paper purporting to be the copy of an instrument executed by George Muse, in January, 1790. The present clerk of the Nelson County Court certifies that it is a true copy of the original will, and that the original will and the certificates of Isaac Morrison, (then clerk of the Court,) are duly recorded in his office, as required by law. And the certificate of Isaac Morrison is as follows: "At a County Court for Nelson County, on Tues-"day, the 9th day of February, 1790, this will was pro-"duced and proved by the oaths of George Calhoun and "Daniel Bland, the two subscribing witnesses thereto, "and was ordered to record.

"*Test,* ISAAC MORRISON."

CHRISMAN
*vs*
GREGORY's H's.

An instruction of the Court that the plaintiff has failed to show right of recovery in ejectment, does not involve a decision of the admissibility of deeds, wills, &c. which are read without objection, but only their legal effect as before the jury.

The objection is that it is not stated, either in the body of the certificate or by any addition to the name of Isaac Morrison, who attests it, that he was or claimed to be the clerk of the Court. And it is conceded that the statement, in the present clerk's certificate, that Morrison was formerly clerk of the Court is not the proper evidence of that fact, and if objected to, must have been decided to be inadmissible as evidence to prove it. Yet as it was not objected to, the question of competency was waived, and being before the jury as evidence and being in itself conducive to the proof of the fact, and only objectionable because it is an inferior grade of evidence, the Court could not properly exclude it or consider it as excluded on the motion to instruct the jury to find for the defendant if they believed the evidence; and on this statement, if believed, they might have found that Morrison was clerk when he made the certificate. But did not the admission of the paper and certificates, without objection by the defendant, amount to an admission by him of the truth of the facts stated in the certificates, and was any thing left to him, on his motion for the instruction upon the plaintiff's evidence, but to deny the legal sufficiency of those facts to establish the efficacy of the original paper as a will? This, we think, was the only ground which he could occupy on that motion, and, as the certificates, if true, prove a regular probate of the will, this ground was wholly unavailable.

A copy of a will proved and recorded in Virginia in 1790, authenticated by a copy of the order of probate, indorsed thereon, "*Test* Isaac Morrison," without any initials of office, copied & properly certified by the present clerk, is a sufficient authentication.

In addition to these views it is to be observed that the writing to which Morrison's name is signed purports not merely to be a certificate of what had been done but to state a judicial act of the Court of probate, and to be the order or sentence of probate itself. Such an order, found on the instrument to which it relates, and found also recorded with that instrument among the records of the Court of probate; where, as it is to be presumed, the certificate of the present clerk all have remained as they now are, more than fifty years, would seem scarcely to need any other attestation or proof of its verity but that which these circumstances afford. But it is signed by Isaac Morrison, with the word *test* prefixed to his name, which indicates an attestation by a person claiming au_

thority to *attest*. And when it is considered that the mere addition to the name of the abbreviated word 'Cl'k,' or of the initials, 'C. N. C. C.' denoting the official character of a clerk, or denoting the assumption of such a character, would have placed the sufficiency of the authentication beyond cavil.

We cannot doubt that in law as well as in reason the circumstances just referred to must, after so great a lapse of time, be deemed amply sufficient to establish, *prima facie*, the character of Morrison as clerk, the verity of his attestation of the order or certificate of probate, and consequently, the due proof and recording of the will. And on this ground the Court might properly have determined (and did properly determine on the second trial,) that the copy of the will was admissible, even upon objection, in the first instance.

It is further argued that the plaintiff failed in his proof on the first trial, because, as the bill of exception states, he proved that the lessors were the heirs of Caroline Gregory, without the relation which constituted them heirs being shown. If the witnesses stated the heirship merely, they might undoubtedly have been required to state the relationship. But if the defendant failed to require this in the progress of delivering the testimony, he certainly could take no advantage of the omission on a motion for a non-suit. Indeed it would seem strange for the Court to say the jury could not find that the lessors were the heirs of Mrs. Gregory, when the bill of exceptions explicitly states that they were proved to be the heirs.

The bill of exceptions states that the lessors of the plaintiff were proved to be the heirs entitled—*held* that it will be presumed by this Court that the facts necessary to constitute heirship were made out or waived.

The instructions given on the first trial being unsustainable, on either of the grounds now assumed in support of it, and it being clear that according to the decision in the case of *Drane* vs *Gregory's heirs*, above referred to, the evidence on that trial authorized a verdict for the plaintiff, the instruction to find for the defendant was erroneous, and the Court did not err in setting aside the first verdict.

On the second trial the evidence on the part of the plaintiff made out a case which authorized a verdict for him on substantially the same grounds as at the first trial.

But the defendant objected in the first instance to the admissibility of the copy of Muse's will—of the division of 1797, and of the deed from Gregory and wife to Mitchel. The question on the will has already been decided—that upon the division was decided in the case of *Drane* vs *Gregory;* and the facts, as to the authentication of the copy of the deed, have been so far stated as to show that according to the case of *Applegate* vs *Gray,* (9 *Dana,* 217,) and the cases there cited, the authentication of the deed was insufficient to authorize its admission to record even as to Gregory, and that the certified copy from the record was, therefore, insufficient to prove that he had ever executed the original. The Court consequently erred in overruling the objection to its admissibility, without other proof of the execution of the original. But as the defendant afterwards introduced the original deed itself, and made it evidence, he was thereby precluded from availing himself of the error.

The defendant introduced evidence conducing to prove a champertous agreement between the plaintiff's lessors, or some of them, and a stranger, under which this suit was prosecuted, and asked instructions to the effect that such a fact, if it existed, should defeat a recovery in the action. But as this is not a case of adversary titles as referred to in the champerty act of 1824, the provisions of that act do not apply in favor of the defendant. And although champerty was illegal, and indeed a heinous offence at the common law, we are not aware that it could be proved with the effect of defeating the action to which the agreement related. And these instructions were properly refused.

*The statute against champerty, of 1824, applies to adversary titles, not to contests where all parties claim under same title.*

Evidence was also introduced by the defendant, with a view of proving that Caroline Muse had not married William Gregory: but the Court gave the instructions asked for, as applicable to that state of case. And the jury having, by their verdict, affirmed the fact of marriage, we need only say upon this point, as upon others resting solely upon a comparison of the verdict with the evidence, that the verdict is not unsustained by the evidence, and that a new trial having been refused by the Circuit Court, we should not feel authorized to reverse

that opinion, in the present case, upon any view which we might take of the facts.

It remains only to say, with regard to the deed of Gregory and wife to Watkins, (which was relied on in this case, as in the others involving Mrs. Gregory's title, to prove that if her title did not pass by the deed to Mitchel it passed by the deed to Watkins, which is properly authenticated,) that we adhere to the construction originally given to that deed in the case of *Drane* vs *Gregory's heirs.* The principle of which, as applicable to the present case, is that although the deed to Watkins purports, for the consideration of $400, to convey all the lands devised to Mrs. Gregory by her father and her brother, which Gregory and wife had not previously sold and conveyed, yet as a previous deed from them to Mitchel, purporting to convey the land now in contest is shown, and as there is no evidence whatever conducing to prove that they considered that deed ineffectual to pass the title of both, the presumption is that they did not intend to convey the same land to Watkins, but regarded it as already conveyed. In *Gregory's heirs* vs *Crab's heirs*, (2 B. Monroe, 234,) no such previous deed being shown, the Court, expressly noticing that there had been no ineffectual attempt to convey the land then in contest, decided that it passed by the deed to Watkins. This difference between the two cases is sufficient to prevent that case from being a precedent for coming to the same conclusion in this. On the contrary, the express reference in that case to a circumstance existing in this, with the implied intimation given as to its effect, is entitled to some weight in support of the construction now adopted.

With regard to the affidavit for a new trial, we are of opinion that, waiving the question of negligence, the facts disclosed are insufficient. They were in effect discussed and decided in the case of *Drane* vs *Gregory's heirs, supra,* and it is unnecessary now to detail them.

Wherefore the judgment is affirmed.

*T. P. Wilson* for appellant: *McHenry* for appellees.

> CHRISMAN
> *vs*
> GREGORY'S H's.
>
> A deed purporting to convey all the lands to which the grantor is entitled in Ky. not theretofore conveyed, does not pass title to lands actually conveyed, but by a deed ineffectual to pass title from a *feme covert.*