JOHN J. BARRETT, TRUSTEE, ET AL., *v.* CHARLES GODSHAW.

**Mayor's Certificate.**
Where the mayor is required to certify to papers or to records such requirement is not fulfilled by his merely attesting the same.

**Authentication of Record Evidence.**
Where a paper offered in evidence does not purport to be a copy, and the one who has the custody of the original fails to certify that it is a copy, the court has no right to conclude that it must be a copy, upon the presumption that it came from the hands of the custodian. Before such a paper can be introduced in evidence it must be certified to be a copy of the original by the custodian of the original.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 18, 1879.

OPINION BY JUDGE PRYOR:

If the rule contended for by counsel for appellee is regarded as the law of this case, it cannot affect the decision of the principal question, because the attention of the court was called to the objection made to the record as evidence, namely, the want of a proper certificate. The chancellor in his judgment expresses the opinion that the exhibits offered were not only competent but properly certified, and for that reason overruled the exceptions, or disregarded the objections made by the appellants. Neither the court nor counsel could have been misled, and appellants must have made known their objections, as the court below has ruled directly on the question raised in this court.

The mere attestation by the mayor is no evidence that the exhibits

offered were copies of the originals unless the paper to which the mayor's name is appended purports to be a copy, or the mayor certifies that it is a copy. "A copy from the mayor's office of any city, attested by the keeper thereof, shall be evidence for any purpose for which the original could be received."

Where there is a statement by the mayor that it is a copy, or where the paper upon its face purports to be a copy and is attested by the mayor, in either state of case the authentication must be held sufficient. In this case various papers were thrown together, attested either as copies or original documents, with the attestation of the mayor as follows:

"Attest,
"CHARLES D. SOCES,
"Mayor."

That this is an original paper evidencing the facts upon which the appellants are to be made liable cannot be determined by this court, and that it is a copy nowhere appears, either on the face of the papers, or from the attestation of the mayor. The statute prescribes the manner in which such documents are to be authenticated so as to make them competent, and a mere attestation is no evidence that it is a copy.

We find no case sustaining such an authentication, or authorizing the inference that the paper offered in evidence is a copy, for the reason alone that it is attested by the custodian. Where a clerk attests a paper that recites on its face the fact of its being a copy, the mere attestation is sufficient, if emanating from his office, or a statement merely that it is a copy, viz: "Copy attest: A. B., Clerk." Such a certificate would amount to an authentication.

In the case of *Chrisman v. Gregory's Heirs,* 4 B. Mon. 474, the clerk certified that the paper was a true copy. The original certificate had been signed by a former clerk, whose title was not affixed to the signature, and proof was admitted to show that he was clerk when the will was probated. The then clerk had certified that it was a true copy of the original will as appeared from the records in his office. Where the paper offered in evidence does not purport to be a copy, and the one who has the custody of the original fails to certify that it is a copy, the court has no right to conclude that it must be a copy, upon the presumption that it came from the hands of the manifest custodian, and particularly when the statute points out the mode of authenticating such records. The plaintiff therefore.

had no right to a judgment as the right of recovery depended upon the validity or existence of the ordinance.

It is not necessary, with this view of the case, to notice the other questions raised.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. W. Woolley, for appellants.   Young & Boyle, for appellee.*