## Case No. 12,031a.

### RONEDE v. JERSEY CITY.

[17 Reporter, 263.] [1]

Circuit Court, D. New Jersey. Dec. 12, 1883.

MUNICIPAL BONDS—BONA FIDE HOLDER—IRREGULARITY — FRAUD OR MISCONDUCT OF AGENTS OF MUNICIPALITY — NEGLIGENCE — OVERDUE COUPONS.

1. In an action on a municipal bond issued under authority of law by a bona fide holder thereof, mere irregularity, or fraud, or misconduct of the agents of the municipality cannot be set up as a defence.

2. Mere suspicion of title, or the knowledge of circumstances which would excite suspicion on the part of a prudent man, or gross negligence on the part of the holder at the time of transfer to him, will not defeat his title as bona fide holder.

3. The fact that at the time a bond was purchased it had attached to it several overdue and unpaid coupons will not per se be sufficient to put the purchaser on inquiry, or raise the presumption of mala fides on his part.

Debt. The action was brought upon twenty bonds of the defendant corporation, each in the sum of $1,000. Sixteen of the bonds were dated July 1, 1873, the rest October 1, 1873. On the face of the sixteen was a recital that they were issued under a resolution of the board of finance and taxation of Jersey City, in conformity with an act of legislature approved March 31, 1871 [Laws 1871, p. 1147], and the several supplements thereto, and under the supplement of April 4, 1873 (section 2). There was on the other bonds a recital that they were issued by the same board under authority of the city charter (section 156). The evidence showed that in 1873, Jersey City being unable to meet certain claims against her which were being pressed, the board of finance, in which was vested the power of issuing bonds, made arrangements with a number of claimants to pay them in the city bonds at par. The bonds, including the present ones, were issued and

delivered to one Hamilton, the city treasurer, to use in settlement of claims as presented. The said treasurer had a list of certain specified claims which he was to take up as aforesaid. In the fall of 1873 Hamilton absconded, taking with him $47,000 worth of bonds, including the bonds in question. He presumably negotiated the bonds in Mexico, for in 1879 the plaintiff purchased the bonds at Matamoras from one Lira, an old inhabitant of the place, for $18,000. At the time of the purchase there were attached to the bonds eleven overdue coupons. The plaintiff testified that he had known Lira for many years, had had business dealings with him, had had no occasion to distrust him, and purchased the bonds in good faith.

Robert O. Babbitt, for plaintiff.
A. L. McDermott, for defendant.

NIXON, District Judge. The principle is well ·settled by the supreme court that in a suit by a bona fide holder against a municipal corporation· to recover the amount of coupons due or bonds issued under authority conferred by law no question of form merely, or irregularity, or fraud, or misconduct, on the part of the agents of the corporation can be considered. The only matters left open in this case are: 1. The authority to issue the bonds. 2. The bona fides of the holder. East Lincoln v. Davenport, 94 U. S. 801; Pompton Tp. v. Cooper Union for Advancement of Science and Art, 101 U. S. 196; Copper v. Mayor, etc., of Jersey City, 15 Vroom [44 N. J. Law] 634.

1. An examination of the charter and supplements referred to renders it certain that ample legislative authority was granted for the issue of the bonds. It is of no importance whether or not the city officials complied with all the requirements of the law in the method or manner of their issue. If there was any dereliction on their part, the rights of a bona fide holder are not to be prejudiced thereby.

2. Is the plaintiff such a holder? The burden of establishing the defence is on the defendant, and unless there was something about the bonds which should have put the plaintiff on inquiry he is entitled to recover. The only fact upon which the defendant's counsel seemed to rely was that at the time of the purchase there were attached to the bonds eleven overdue coupons representing matured interests, amounting to $7,700. Being questioned, the plaintiff testified that having no suspicion he made no inquiries with regard to the bonds, except that, observing the overdue coupons, he asked the vendor why they had not been collected, and received for answer that "they were probably not payable yet." Was the plaintiff's neglect to institute further inquiries proof of bad faith on his part? In Murray v. Lardner, 2 Wall. [69 U. S.] 110, the supreme court reiterated the settled law that coupon bonds

of the ordinary kind payable to bearer passed by mere delivery; that a purchaser in good faith was unaffected by want of title in the vendor; and that the burden of proof or a question of such faith lies on the party who assails the possession. "Suspicion of defeat of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or gross negligence on the part of the taker at the time of the transfer, will not defeat the title." And see Cromwell v. County of Sac, 96 U. S. 58, in which case the question whether overdue and unpaid coupons attached to a municipal bond which had several years to run rendered the bond and subsequently maturing coupons dishonored paper, so as to subject them in the hands of a purchaser for value to defences good against the original holder. The court held that their presence had no such effect.

In Parsons v. Jackson, 99 U. S. 434, bonds of a railway company in Louisiana had never been issued by the company, but had been seized and carried away. They were drawn payable in London, New York, or New Orleans, and the president of the company was authorized to fix the place of payment by his indorsement thereon. When stolen they contained no such indorsement. They were sold for a very small consideration, with due and unpaid coupons for several years attached to them. The court held that the absence of the required indorsement was a defect which deprived the bonds of the character of negotiability, and that the purchaser was affected with notice of their invalidity. Bradley, J., for the court, asserted "that the presence of the past due and unpaid coupons was itself an evidence of dishonor sufficient to put the purchaser on inquiry." But in Indiana & I. Cent. R. Co. v. Sprague, 103 U. S. 756, this expression is commented on, qualified, and restricted, and it was again held, and may now be accepted as law, that overdue and unpaid interest coupons attached to municipal bonds are not, in themselves, sufficient to put the purchaser on inquiry. Judgment for plaintiff.