## Stovall v. Mayhew.

### (Decided January 21, 1915.)

### Appeal from Allen Circuit Court.

Land—Action to Recover—Evidence.—Plaintiff sought to recover a tract of land, claiming title by virtue of a deed from one L. S. Clark and wife, conveying the land to plaintiff's mother, and at her death to plaintiff, the consideration being certain cash and promissory notes secured by a lien on the land. Defendant claimed title through L. S. Clark, who in turn claimed title by virtue of a commissioner's deed made pursuant to orders entered in an action alleged to have been brought by Clark against plain-

tiff's mother to recover the purchase money notes and enforce his lien against the land, in which action the land was sold and Clark became the purchaser. Held, under the evidence, that the records of the suit having been destroyed by fire, defendant failed to show that plaintiff was divested of title by the suit in question.

HARPER & GOAD and GILLIAM & GILLIAM for appellant.

GOAD & OLIVER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Grover C. Stovall brought this action against defendant, Charles Mayhew, to recover a tract of land in Allen county. The defendant, by answer and counterclaim, denied plaintiff's title and pleaded and asserted title in himself, and asked that it be quieted. On final hearing the chancellor entered judgment dismissing plaintiff's petition and quieting the title of defendant. Plaintiff appeals.

Plaintiff claims title under and by virtue of a deed executed by L. S. Clark and wife on July 20, 1901, by which they conveyed the land in controversy to Malvinia P. Stovall for life, and at her death to plaintiff. The consideration expressed in the deed was $175, of which $55 was paid in cash and the remainder was represented by two notes for $60 each, one payable April 15, 1892, and the other April 15, 1893. To secure the payment of these notes a lien was retained on the land. Plaintiff's mother died in the year 1912. Shortly thereafter this action was brought. At that time plaintiff was only 22 years of age.

Defendant claims title through L. S. Clark, who, in turn, claims title by virtue of a commissioner's deed dated September 25, 1896, made pursuant to a sale had under orders entered in the action of L. S. Clark, plaintiff, v. Mallie Stovall, defendant. It appears that the records of Allen county were destroyed by fire in the year 1902. The commissioner who made the sale is dead. L. S. Clark, the purchaser at the commissioner's sale, testifies that he sold the land in question to Mallie Stovall, and took the two notes for the deferred purchase money. The only credits which he remembers were two of $15 each. The notes were never paid in full. He brought suit in the Allen Circuit Court for the purpose of collecting the notes and enforcing his lien. He re-

covered judgment and the land was sold. He became the purchaser for the amount of his judgment. According to his recollection, Oliver and Gilliam were the attorneys that brought the suit. While he did not sign a bond for Mallie Stovall, the suit referred to was not brought on the bond, but on the purchase money notes. Never delivered the notes to Mallie Stovall, or to anyone for her. She never at any time paid the notes. Could not account for plaintiff's possession of the notes, unless he or someone else abstracted the notes from the clerk's office. Denied stating to anyone that he had brought suit on the replevin bond, and that if one of Mallie Stovall's brothers, or anyone else, would pay the money he had paid out, together with the cost of the suit, he would have the deed made to him.

According to the evidence of plaintiff, he found the purchase money notes among his mother's papers at her death. Several other witnesses testified to having seen the notes in her possession, and to the fact that she was living in Tennessee at the time the suit was brought. Two or three witnesses stated that L. S. Clark told them that he was on Mrs. Stovall's bond, and had to bring suit to collect his money. J. W. Whitesides testified that he was present when Mallie Stovall paid the first of the two notes. He afterwards saw the second note in her possession. Before the suit was brought Mr. Clark told him that he had paid off the replevin bond for Mallie, and would have to sell the land to get his money back.

Since the court records were destroyed by fire, oral evidence was admissible to show the character and purpose of the suit and the parties thereto. On the one side, then, we have the statement of Mr. Clark that the purchase money notes were not paid, and that the suit in question was brought to enforce the purchase money lien, and that he became the purchaser when the land was sold. In addition to his evidence there is a commissioner's deed purporting to have been executed pursuant to the orders made in the suit. On the other hand, is the following evidence: Plaintiff's mother was out of the State when the suit was brought. One witness claims to have been present when the first note was paid. He and other witnesses afterwards saw both notes in her possession. They were found among her papers on her death. Though there were certain pin holes in the notes,

it does not appear that there was any mark on them indicating that they had been filed in any legal proceedings. Prior to the time of defendant's purchase Clark, who was on Mallie Stovall's bond, stated to two or three witnesses that he had to bring suit on the bond and sell the property in order to get his money. The only parties mentioned in the commissioner's deed are the plaintiff, Clark, and defendant, Mallie Stovall. The deed itself does not purport to have been made in an equitable action, but in "the action of L. S. Clark, plaintiff, v. Mallie Stovall, defendant." The deed does not purport to convey on behalf of plaintiff and Mallie Stovall, but on behalf of Mallie Stovall alone. It further appears that of the two attorneys who represented L. S. Clark in the suit in question one is attorney for plaintiff in this action, while the other is attorney for defendant. In view of the fact that the commissioner is dead, no one is in a better position to know the precise character of the suit in question than these gentlemen. Though the burden of proof was on the defendant to show the regularity of the judicial proceedings through which he claims title, he failed to introduce either of the attorneys as witnesses in this case. In view of this fact, and of numerous circumstances tending to show that the suit was not brought to enforce the collection of the lien notes, and of the further fact that there is an entire absence of evidence tending to show that plaintiff, who was then an infant, was a party to the suit in question, we conclude that the defendant utterly failed to show that plaintiff was ever divested of title by that suit.

Judgment reversed and cause remanded with directions to enter judgment in favor of plaintiff.