GREESER v. SUGARMAN.

(Supreme Court, Appellate Term. March, 1902.)

NEGOTIABLE INSTRUMENTS—HOLDER IN DUE COURSE—DEFENSES—NONDELIVERY.
Under the Negotiable Instruments Law, § 35 (Laws 1897, c. 612), providing that, where a negotiable instrument is in the hands of a holder in due course, a valid delivery by all prior parties is conclusively presumed, and section 96, declaring that a holder in due course holds the instrument free from any defect of title and from defenses available to prior parties, the defense of nondelivery is not available to the maker of a note in an action thereon by one who has brought himself within the definition of a holder in due course, as prescribed in section 91.

Appeal from municipal court, borough of Manhattan.

Action by Bernard Greeser against Joseph Sugarman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Sanders & Feltenstein (Abraham Rosenstein, of counsel), for appellant.

Krakower & Peters (Charles C. Peters, of counsel), for respondent.

GIEGERICH, J. The action is upon a promissory note made by the defendant to the order of himself. The testimony adduced in plaintiff's behalf tended to show, among other things, the making and indorsement of the note in suit by the defendant, and that prior to the maturity thereof one A. Rabinowitz, a manufacturer of shirts, then doing business in Division street, in the city of New York, with whom the plaintiff had previously dealt, delivered the note in suit to the plaintiff in part payment of merchandise sold and delivered to him by the latter; a portion of the goods having been delivered upon receipt of the note by the plaintiff. The defendant admitted the making and indorsement of the note, but claimed that it was lost or stolen from his desk, and that hence there was never a valid delivery. The defendant asked for a new trial on the ground that the judgment was contrary to the evidence, in that the plaintiff failed to show that he acquired the note in good faith and for value before maturity, but we cannot agree with this contention. The plaintiff's evidence upon these points being deemed sufficient, the defense of nondelivery is ineffectual. The negotiable instruments law (Laws 1897, c. 612) provides as follows:

"Sec. 35. Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such cases the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all the parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

"Sec. 91. A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face. (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Sec. 96. A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

The plaintiff brought himself within all the terms of the above definition of a holder in due course, and the judgment in his favor should therefore be affirmed.

Judgment affirmed, with costs. All concur.