POESS v. TWELFTH WARD BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 23, 1904.)

1. BILLS AND NOTES—CERTIFIED CHECKS—LIABILITY OF BANK.

By the certification of a check the amount thereof is charged against the depositor, and passes to the credit of the check, and renders the bank primarily liable as acceptor for its payment to any bona fide holder thereof.

2. SAME—TITLE—PRESUMPTION FROM POSSESSION.

Under the provision of the Negotiable Instrument Law (Laws 1897, p. 719, c. 612), that where an instrument is no longer in the possession of a party whose signature appears thereon a valid and intentional delivery is presumed until the contrary is proved, possession of a duly indorsed negotiable certified check is prima facie evidence of title.

3. SAME—THEFT OF CERTIFIED CHECK—EFFECT ON BONA FIDE HOLDER.

One who, in due course of business, and without notice of any infirmity, comes into possession of a duly indorsed negotiable certified check, is en-

¶ 1. See Banks and Banking, vol. 6, Cent. Dig. § 421.

titled to payment of the same by the bank on which it is drawn, irrespective of the fact that it had been stolen and never had a valid delivery.

**4. SAME—STOPPING PAYMENT—EFFECT ON BONA FIDE HOLDER.**

Notice to a bank that a certified check had been lost, and direction by the maker not to pay the same, could not operate to the prejudice of a bona fide holder.

**5. SAME—VOLUNTARY REPAYMENT—DISCHARGE OF CHECK.**

As under the express provisions of section 90, Negotiable Instrument Law (Laws 1897, p. 731, c. 612), a check becomes discharged on its payment in due course, one who had received payment of a certified check, but had repaid the money received thereon when threatened with suit, could not maintain an action against the bank on its acceptance or certification.

**6. MUNICIPAL COURT—PLEADINGS—AMENDMENT—CONFORMITY TO PROVE.**

Plaintiff in the municipal court pleaded orally money had and received, and on the trial added a claim for conversion. Defendant's attorney consented that he might plead anything he wanted. *Held*, that in view of the liberal practice allowed in municipal court pleadings, and of the consent of defendant's attorney, the pleadings might be deemed to have been amended to conform to the proof, although the cause of action established, which was for the recovery of money deposited with a bank, was not one for conversion.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William E. Poess against the Twelfth Ward Bank of the City of New York. From a judgment of the municipal court for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Charles W. Dayton, for appellant.
William Haupt, for respondent.

GILDERSLEEVE, J. The action is brought to recover the sum of $500, which plaintiff had on deposit with the defendant. On or about April 29, 1903, he drew a check upon the defendant bank for the sum of $500, payable to his own order, and caused the same to be certified by the bank. The plaintiff did not use the check until on or about July 29th, when he took the check out of his safe, where he had kept it, indorsed it in blank, and made out a slip for redepositing it in the bank. He then put the bankbook, with the check and the slip of deposit, in his pocket, and went to the bank; but when he arrived at the bank, and presented the bankbook to the receiving teller, the check was missing. The receiving teller told him to go over and tell the paying teller that he had lost the check, and have payment stopped, and the plaintiff accordingly went to the paying teller and made out a stop-slip check. About five days afterwards the plaintiff received word from the bank that the check had come up through the exchange, and the plaintiff went up to the bank and identified the check. There were two names indorsed on the check below that of the plaintiff. The cashier told the plaintiff to go down and see the last indorser, an Italian banker by the name of Zuccaro, who had deposited the check for collection, and to see if he could get the money back from the banker; and he called a messenger, one Mr. Finnegan, and gave him the check, and instructed him to go down

with the plaintiff to see Zuccaro. The plaintiff and Finnegan went down to the place of business of Zuccaro, explained the case to him, and the plaintiff asserted that the check had been stolen. The banker then went with the plaintiff and Finnegan to the former residence of the man from whom he received the check, but could not find him. Finnegan then told the banker that the bank held him responsible for the check, and that the banker would have to hold the man from whom he got it, and the banker gave up the $500 to Finnegan, who gave him back the check. The plaintiff thereupon made out a deposit slip, and handed it to Finnegan, and requested him to deposit the $500 so received from the banker to his (the plaintiff's) account in defendant's bank, and they parted with the understanding that this should be done. The next day the plaintiff went to see the cashier of the bank, and was told that the bank could not do anything for the present, and that the plaintiff would have to give a bond in order to get the money, because Zuccaro might sue the bank, but no claim was made that the money had not been redeposited to plaintiff's account.

The relation between the bank and the plaintiff was that of debtor and creditor. The effect of the certification of the check by the defendant was to charge plaintiff with $500, pass that amount to the credit of the check, and make the defendant, as acceptor, primarily liable for its payment to any bona fide holder thereof. Jersey City. First National Bank v. Leach, 52 N. Y. 350, 11 Am. Rep. 708; Daniel on Negotiable Instruments, § 1603; People v. St. Nicholas Bank, 77 Hun, 160, 28 N. Y. Supp. 407.

The check in question had been duly indorsed, and was negotiable. Its possession by Zuccaro, before he passed it forward for collection. was prima facie evidence of title. His good faith is not assailed, and his title to the check was not affected by the fact that it had been stolen and never had a valid delivery. Zuccaro received the check in the usual course of business, and without notice of any infirmity. "Where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery is presumed until the contrary is proved." Negotiable Instrument Law (Laws 1897, p. 719, c. 612); Am. & Eng. Ency. of Law (2d Ed.) p. 320; Shipley v. Carroll, 45 Ill. 285; Case v. Mechanics' Banking Ass'n, 4 N. Y. 166.

For the reasons above stated, as between Zuccaro and the defendant he was entitled to have the check honored and paid, and it must be presumed that the payment of the check by the defendant was made to the lawful holder in good faith. Notice to the defendant that the check had been lost, and the direction by the plaintiff not to pay the check if presented, could not operate, under the circumstances, to the prejudice of Zuccaro and affect his rights. Nassau Bank v. Broadway Bank, 54 Barb. 236; Am. & Eng. Ency. of L. (2d Ed.) vol. 19, p. 553. The authorities above cited also support this latter proposition.

We therefore see that, if Zuccaro had not repaid the $500 which he had received through the collection of the check in due course, the parties to this action would have been powerless to compel him

to refund. But Zuccaro having, on their demand, voluntarily repaid the amount he had thus received, the question presented is whether he can maintain any further claim against the defendant. We think this question demands an answer favorable to the plaintiff. The defendant lost nothing by certifying and paying the check in due course, because it had appropriated sufficient funds of the plaintiff for that purpose at the time of the certification, and upon its payment in due course the check became discharged, under the express provision of section 90 of the Negotiable Instruments Law (Laws 1897, p. 731, c. 612). That being so, Zuccaro can no longer maintain an action against the defendant upon its acceptance or certification. The check was simply surrendered to him after its payment in due course to enable him to pursue his remedy against the party from whom he had taken it. Much less can an action be maintained by any one claiming through him. The check is not in the record, but, since it was paid by the defendant, we must infer that it bears upon its face unmistakable evidence of payment. There never hereafter can be a bona fide holder thereof. The defendant's situation is to all intents and purposes the same as if an honest finder of the check had returned it to the bank, making no claim upon it.

The rule on this subject is that, if the holder expressly renounces a claim against the acceptor, "his hands are untied, and he is left free to account to the drawer for the funds in his hands, or is no longer bound to apply them to the payment of the bill. To permit the holder, after thus exonerating the acceptor, to recur to him for payment, would work in many cases the harshest injustice, and he is estopped from doing so." Daniel on Negotiable Instruments, §§ 542, 544. Here the discharge of the defendant was complete when the check was paid in due course. The defendant's messenger, for plaintiff's benefit, demanded the repayment of the money the defendant had paid Zuccaro, and threatened to hold him responsible for it. He yielded to that demand, and refunded the money, and the check was surrendered to him. Under the authorities, Zuccaro is estopped to recover the same money from the defendant.

The pleadings were oral, the plaintiff pleading money had and received, and on the trial he was permitted to add a claim for conversion. The record shows that the defendant's attorney at the trial consented that the plaintiff might plead "anything you want." Judgment was rendered for the full amount claimed. It does not appear from the decision upon what character of action the judgment is based. In view of the liberal practice allowed in the municipal court in respect to pleadings, and especially in view of the consent of the defendant's attorney, the pleadings may be deemed to have been amended to conform to the proof, which establishes a cause of action, although not one for conversion. We think the proof sustains such an action, and that the judgment is right, and should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.