[No. 12135.  Department Two.  April 13, 1915.]

GRACE ANGUS, *Respondent*, v. GEORGE A. DOWNS, *Appellant.*[1]

BILLS AND NOTES—BONA FIDE PURCHASERS—DEFENSES AVAILABLE—THEFT BEFORE DELIVERY.  A holder in due course of commercial paper may recover thereon, although the instrument was originally stolen from the maker thereof; in view of Rem. & Bal. Code, § 3407, which provides that where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed; this, under the maxim that, where one of two innocent persons must suffer by the wrong of another, he whose act made the loss possible must suffer.

BILLS AND NOTES—ACTIONS—QUESTIONS FOR JURY.  In an action upon a promissory note, a directed verdict for plaintiff was proper, where she testified that she had paid value for the note without notice of any kind that defendant disputed his liability thereon, which testimony was corroborated by circumstances surrounding the transaction and by other witnesses; and there was no offer to combat plaintiff's evidence that she was a holder in good faith.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 26, 1913, upon the verdict of a jury rendered in favor of the plaintiff, by di-

[1]Reported in 147 Pac. 630.

rection of the court, in an action upon a promissory note. Affirmed.

*Mulligan & Bardsley*, for appellant.

*George W. Shaefer*, for respondent.

FULLERTON, J.—This is an action brought by the respondent, Grace Angus, against the appellant, George A. Downs, to recover upon a promissory note. In her complaint the respondent alleged that the note had been assigned to her for value, prior to maturity, and that she was a holder thereof in due course. The appellant interposed two defenses, first, that the note was stolen from his possession prior to delivery, and second, that the respondent was not a holder of the note in due course. At the trial, which was being had before the court and a jury, the respondent introduced testimony tending to establish the allegations of her complaint. The appellant thereupon offered to show that the note was stolen from his possession after its execution and that there had been in fact no delivery of the note by him or on his behalf, but made no offer to combat the evidence of the respondent to the effect that she was a holder in due course. On objection by the respondent, the proffered evidence was excluded, and the jury instructed to return a verdict for the respondent for the amount due upon the note. A verdict was so returned, and judgment subsequently entered thereon. This appeal is prosecuted from the judgment so entered.

The appellant's assignments of error are based upon the ruling of the court excluding the proffered evidence. He first contends that a holder of commercial paper, although received by him in due course, cannot recover thereon against a maker from whose possession it has been taken before delivery by theft. His learned counsel argue that the question is not controlled by the negotiable instruments act, and they cite many cases, decided under the common law rules applicable to the law merchant, which sustain the principle that recovery cannot be had under such circumstances. There are,

however, many cases maintaining the contrary rule, and were we to conclude that the act cited is without application to the question, it would be an interesting inquiry to ascertain with which side lay the better reason. But we think the act itself controlling. Section 16 of the original act (Rem. & Bal. Code, § 3407; P. C. 357 § 31) provides:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Laws 1899, p. 344, § 16.

This section, it will be observed, provides in terms that, where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. Language could hardly be made plainer, and is as applicable to a holder in due course of commercial paper stolen before delivery as it is to commercial paper stolen subsequent to delivery, or commercial paper the title to which is defective for any other reason.

Our attention has not been called to many adjudicated cases where this precise question was at issue. In *Greeser v. Sugarman*, 76 N. Y. Supp. 922, the defendant executed a promissory note payable to the order of himself. It reached the hands of a holder in due course, who brought an action thereon. The defendant sought to defend on the ground that it was lost or stolen from his desk, and that there was hence

no valid delivery of the note. The court, quoting the section of the negotiable instruments law of New York corresponding to the section quoted above, held that the fact if shown would constitute no defense to the action.

In *Poess v. Twelfth Ward Bank*, 86 N. Y. Supp. 857, the plaintiff held a certified check on the bank named drawn by himself against his own deposit. Sometime thereafter he indorsed the check in blank and made out a deposit slip for redeposit in the bank. On the way to the bank he lost the check, and about five days thereafter it came up through the exchange for collection from another bank which had cashed it. The plaintiff sued the bank for the amount of the deposit, but the court held he could not recover; the court saying that the title of the bank cashing the check, since it recovered it in due course, "was not affected by the fact that it had been stolen, and never had a valid delivery."

In *Buzzell v. Tobin*, 201 Mass. 1, 86 N. E. 923, the defendant sought to defend against the suit of an indorsee of his check on the ground that the check had been delivered by his clerk without authority, and hence was unlawfully in circulation, and no title passed by its subsequent negotiation. But the court held the check valid in the hands of a holder in due course, under the section of the negotiable instruments law of that state corresponding to the section of the law from our state which we have quoted.

The commentators on the negotiable instruments act are seemingly in accord with the interpretation thus given by the courts to this section of the act. Daniel on Negotiable Instruments, vol. 1, § 838 (6th ed.), after discussing the conflict of authority existing on the question prior to the statute, uses this language:

"While the statute provides that every contract on a negotiable instrument is incomplete and revocable until delivery, it further declares that where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is

conclusively presumed. So that, in those states which have enacted the statute, the conflict of authority discussed in the foregoing sections is settled against the rule that a maker is not liable unless he has been guilty of negligence, and in favor of the protection of an innocent purchaser, as to whom a valid delivery is conclusively presumed."

And the editors of Ruling Case Law, under the title, Bills and Notes, vol. 3, at § 233, use this language:

"As a general rule, a negotiable promissory note, like any other written contract, has no legal inception or valid existence, as such, until it has been delivered in accordance with the purpose and intent of the parties. There accordingly is no doubt that delivery of a negotiable instrument is necessary to create any liability as between the immediate parties. But the authorities have long been in violent conflict as to whether a *bona fide* holder can recover on an instrument which has never been delivered by the maker or drawer to any one for any purpose. Some courts have held that delivery is not essential to the validity of an instrument in the hands of a due course holder. And this rule has been declared to be applicable in case the instrument has been taken from the maker's possession by theft. On the other hand many courts have taken the view that an innocent holder for value of paper commercial and negotiable in form, but which has never been completed by delivery, cannot acquire rights thereto against the alleged maker. And it has been held that a negotiable security, stolen from the maker before it has become effective as an obligation by actual or constructive delivery, may not be enforced by any subsequent innocent holder. These courts have reasoned that the wrongful act of a thief or a trespasser may deprive the holder of his property in a note which has once become a note, or property, by delivery, and may transfer the title to an innocent purchaser for value, but that a note in the hands of the maker before delivery is not property, nor the subject of ownership, as such; it is, in law, but a blank piece of paper. Sound reason would seem to require the question to be resolved with a view to the facts of the particular case and the principles of negligence. No doubt, where the maker of a negotiable instrument negligently allows the same to get into circulation, he should be held liable to a *bona fide* holder upon the ground

that he is estopped by his own negligence to deny a valid delivery. The maxim declaring that where one of two innocent persons must suffer by reason of the wrong of a third party, he whose act made the wrong possible should bear the loss, should apply with full force. But it is somewhat shocking to suppose that the maker having exercised due care may be deprived of his property without his consent. Nevertheless this is clearly the intention of the negotiable instruments law, which declares that 'where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed.' This principle applies only to complete instruments, however, for it is declared, also, by the act that 'where an incomplete instrument has not been delivered it will not, if completed and negotiated, without authority, be a valid contract in the hands of any holder, as against any person whose signature was placed thereon before delivery.' "

See, also, Crawford's Negotiable Instruments Law (3d ed.), § 35, par. (c); Ogden, Negotiable Instruments, p. 284. We conclude, therefore, that it is not a defense against the suit of a holder in due course of commercial paper to show that the paper was stolen from the maker thereof prior to delivery.

The appellant next contends that there was sufficient evidence to send the case to the jury on the question of the respondent's good faith, but we differ with him upon this contention also. The respondent testified that she paid value for the note, and that she had at the time no notice of any kind that the appellant disputed his liability thereon. In this she is corroborated, not only by the circumstances surrounding the transaction, but by other witnesses as well. Nothing was offered to contradict this testimony, and we think it an instance where the trial court could well say there was no fact in dispute for the consideration of the jury.

The judgment is affirmed.

CROW, ELLIS, MOUNT, and MAIN, JJ., concur.