(90 Misc. Rep. 307)

### SCHAEFFER v. MARSH et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

BILLS AND NOTES ⚖═382—BONA FIDE PURCHASERS—AVAILABILITY OF DEFENSES.

    Under Negotiable Instruments Law (Consol. Laws, c. 38) § 35, providing that, where an instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed, it was not a defense to a check in the hands of a bona fide holder for value that it was stolen from the maker after it was signed and in all respects completed, except as to delivery.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 955; Dec. Dig. ⚖═382.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Fred Schaeffer against William Marsh and another. From a judgment for defendants, entered after a trial by the court without a jury, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Louis Halle, of New York City (Samuel J. Levinson, of New York City, of counsel), for appellant.

Leon A. Malkiel, of New York City, for respondents.

PENDLETON, J. The action was brought by the holder for value without notice of a certain check drawn by the maker to one Marsh, indorsed by the latter and negotiated with plaintiff. It appears, by the evidence that after the making out of the check and its signature by defendant, and before delivery, it was stolen from him, and thereafter indorsed and negotiated by the payee. The court rendered judgment for defendants, and the question involved on this appeal is whether the above facts constitute a defense to this action.

---

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

When stolen from the maker, the check was in all respects completed, except as to delivery. There is no evidence of any negligence on defendant's part, which would estop him from alleging that the check never had any valid inception by delivery, and the question is therefore squarely presented as to whether, under the Negotiable Instruments Law, the above facts are a defense to the check in the hands of a bona fide holder for value. In Poess v. Twelfth Ward Bank, 43 Misc. Rep. 45, 86 N. Y. Supp. 857, it was held that a check drawn by a maker, certified by the bank, and indorsed by the maker in blank, stolen from the maker before delivery, was nevertheless valid in the hands of a bona fide holder. So in Greeser v. Sugarman, 37 Misc. Rep. 799, 76 N. Y. Supp. 922, a note made to the maker's order and indorsed, and afterwards stolen from him, was valid in the hands of a bona fide holder for value, under section 35 of the Negotiable Instruments Law. In Linick v. Nutting, 140 App. Div. 265, 125 N. Y. Supp. 93, decided in 1910, a blank check, stolen from the maker and afterwards filled in and negotiated, was held invalid in the hands of a holder for value without notice; that until completion and delivery it had no inception, and the maker could not be held liable, unless for such negligence as would estop him from setting up the nondelivery by him. While the reasoning of the opinion, and the case cited with approval (Burson v. Huntington, 21 Mich. 415, 4 Am. Rep. 497), tended to the view that the same rule would apply to an instrument complete in form stolen from the maker before delivery, the decision itself was put on the ground that under section 34 of the Negotiable Instruments Law an incomplete instrument, which has not been delivered, is not a valid contract in the hands of any holder, and that section 35 must be read in connection with section 34, and, so read, its provisions as to the conclusive presumption of delivery do not apply in the case of an incomplete instrument, such as the one under consideration. The fair result of these cases is that, where the instrument is complete, except as to delivery, the nondelivery is not a defense as against a bona fide holder in due course for value.

Judgment reversed, with costs, and judgment rendered for plaintiff, with costs. All concur.