HOLZMAN, COHEN & CO., Inc., v. TEAGUE.

(Supreme Court, Appellate Term, First Department. December 20, 1915.)

1. BILLS AND NOTES ⬤⟹382—INCOMPLETE INSTRUMENT—VALIDITY—DELIVERY.
   Notes signed by defendant in blank, which, while they were incomplete, were stolen and filled in by some one without authority, were incomplete, undelivered instruments, and did not constitute valid contracts in the hands of the holder.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 955; Dec. Dig. ⬤⟹382.]

2. BILLS AND NOTES ⬤⟹368—DELIVERY—STATUTE.
   Negotiable Instruments Law (Consol. Laws, c. 38) § 35, providing that, where an instrument is in the hands of a holder in due course, a valid delivery thereof by all prior parties, so as to make them liable to him, is

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

presumed, refers only to a completed instrument, and does not apply to an incomplete instrument not delivered, described in section 34.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 949, 950; Dec. Dig. ⊕══368.]

Appeal from City Court of New York, Trial Term.

Action by Holzman, Cohen & Co., Incorporated, against Edward P. Teague. From a judgment of the City Court of the City of New York in favor of the plaintiff, entered upon a verdict by direction, and from an order denying defendant's motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

P. Henry Delehanty, of New York City (Nathan F. Giffin, of New York City, of counsel), for appellant.

Charles Liebling, of New York City (Charles Goldzier, of New York City, of counsel), for respondent.

PHILBIN, J. The complaint contains 13 causes of action, each on a separate promissory note, of which the plaintiff is the holder and the defendant the maker. The defendant sets up as a separate defense that he signed the notes merely in blank, and that while they were thus incomplete they were stolen, and that there has been no delivery thereof. The plaintiff put the notes in evidence, showed that the signature was that of the defendant, that plaintiff was the holder for value, and that the notes were unpaid. Plaintiff stipulated on the trial that the defendant would testify that the notes were merely signed in blank, were left on his desk, and were stolen by some one; that they were filled in without authority, although he intended to give such authority to one Boyer; that he never gave them to said Boyer; and that the latter never had them in his possession. The defendant testified personally that the notes, other than his signatures thereon, were in the handwriting of the treasurer of the payee, to whom the defendant had never given any authority to fill in the said blanks. On plaintiff's motion the court directed a verdict for plaintiff.

[1, 2] It thus appears that the said notes were incomplete instruments, and had not been delivered, but were completed and negotiated without authority, and without any negligence on the part of the defendant. It follows that they did not constitute valid contracts in the hands of the plaintiff as against the defendant, whose signatures were placed thereon before delivery. Section 34, Negotiable Instruments Law; Linick v. Nutting & Co., 140 App. Div. 265, 125 N. Y. Supp. 93; Ledwich v. McKim, 53 N. Y. 307. Section 35 of the Negotiable Instruments Law does not apply to such an instrument as is described in said section 34, but refers only to a completed instrument. Schaeffer v. Marsh, 90 Misc. Rep. 307, 153 N. Y. Supp. 96.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.