## Ewin *vs* Ware *et al.*

APPEAL FROM THE TODD CIRCUIT.

*Limitation. Surplus land.*

CHIEF-JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case 31.*

*September* 29.

Case stated and decree of the Circuit Court.

EIGHTEEN years after a sale and conveyance of a tract of land by *Ewin* to *Anderson,* and after the vendee had died, the vendor sued his representatives in chancery for compensation for an alleged surplus of about 62 acres; and the Circuit Court having dismissed his bill, he has appealed to this Court.

Admitting that the surplus was such as to have once entitled Ewin to some relief in equity, he seems to have slumbered too long to invoke, with success, the help of the Chancellor.

As the conveyance passed to the vendee the legal title to the whole of the land within the designated boundaries, *Ewin's* equitable claim was for the price of the surplus not contemplated or hitherto paid for; and to enforce that equitable claim, his suit was instituted. In a case of concurrent jurisdiction, a legal remedy for such a demand would have been barred by the lapse of five years. A court of equity should apply the same limitation whenever the mistake had been, *or ought to have been* discovered more than five years before the commencement of the suit.

The recovery for surplus land conveyed would be barred by a lapse of five years; a court of equity will apply the same limitation whenever the mistake had been, *or ought to have been* discovered more than five years before suit brought.

Now in this case, facts are proved which conduce strongly to the presumption that Ewin was apprised of the surplus five years at least before he claimed compensation for it in this suit; and besides, having had reason to believe, (as seems very probable) at the date of his conveyance, that there was a surplus in the tract beyond the estimated quantity of 333 acres, and continuing to reside ever since, in the neighborhood of the land, he ought, as a reasonably vigilant man, to have ascertained, sooner than he says he did, the actual existence and extent of the surplus, and especially as others in the same neighborhood had knowledge of it from about the date of his

Where the proof warrants the presumption that a vendor knew there was a surplus in a tract of land conveyed or as a reasonably vigilant man ought to have known it, more than five years before he files his bill for compensation for the surplus, chancery will not relieve.

convcyance to Anderson, and seem to have had no motive for concealing the fact.

We are, therefore, of the opinion that, under such cir- cumstances, and especially after the death of Anderson, and probably of other persons who knew all the circum- stances accompanying the contract, Ewin has come into Court too late to be entitled to its extraordinary interpo- sition in behalf of an equity so stale and questionable.

And consequently, the decree of the Circuit Court must be affirmed.

*Morehead and Reed and Turner* for appellant; *Owsley* for appellees.