## ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

### EUGENE A. BUZZELL vs. JAMES W. TOBIN.

Suffolk. December 8, 1908.— January 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Bills and Notes.*

Where a check has been negotiated by the payee to one who received it as a holder in due course under R. L. c. 73, § 69, the maker, in an action against him by such holder to enforce payment of the check, cannot rely on the defense that the check was delivered to the payee without authority by the maker's book-keeper, a valid delivery by the maker being conclusively presumed under R. L. c. 73, § 33, when the instrument is in the hands of the holder in due course.

CONTRACT, by one alleged to be the holder in due course of a check signed by the defendant, to recover the amount of the check. Writ in the Superior Court for the county of Suffolk dated April 24, 1907.

At the trial in the Superior Court before *Crosby*, J., there was evidence tending to show that the defendant had agreed to purchase two horses of one Leonard, that Leonard brought the horses to the defendant's place of business, the defendant previously having made out and signed and left on his desk a check payable to Leonard's order for the purchase price of the horses; that the defendant unexpectedly was called upon to leave

Leonard and his office for about forty-five minutes, and that, in his absence, at Leonard's request, the defendant's bookkeeper delivered the check to him; that very shortly thereafter the defendant stopped payment of the check, but that, in the meantime, Leonard had negotiated the check for value to the plaintiff, who had no notice of the transaction between Leonard and the defendant. The defendant's evidence tended to show that the bookkeeper had no authority to deliver the check to Leonard, and that the reason that he had stopped payment on the check was that he discovered that the horses were unsound.

At the close of the evidence, the defendant requested the presiding judge to rule that the plaintiff could not recover. The request was refused and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*W. B. Grant & H. E. Whittemore,* for the defendant, submitted a brief.

*P. M. Keating,* (*P. J. Sullivan* with him,) for the plaintiff.

BRALEY, J. If the consideration of the check as between the defendant and the payee was the price of a pair of horses, which might have been found to have been unsound at the time of sale, yet the plaintiff as indorsee, having taken the check for value and in good faith before it was overdue, and without notice of any infirmity or that payment had been stopped at the bank, became a holder in due course with all the rights appertaining to such a title. R. L. c. 73, § 69. *Wheeler* v. *Guild,* 20 Pick. 545, 552, 553. *Shawmut National Bank* v. *Manson,* 168 Mass. 425. *Massachusetts National Bank* v. *Snow,* 187 Mass. 159. The defendant, while not expressly conceding this, rests his defense solely on the ground, that, because his clerk had no express authority to deliver the check to the payee, it was unlawfully put in circulation, and, the contract being incomplete, no title passed to the plaintiff by its subsequent negotiation. *Fearing* v. *Clark,* 16 Gray, 74. *Hill* v. *Hall,* 191 Mass. 253, 265. But the check was in the hands of the plaintiff as a holder in due course, and as to him a valid delivery by the defendant was conclusively presumed, even if this defense would have been open as between the original parties. R. L. c. 73, § 33. *Massachusetts National Bank* v. *Snow,* 187 Mass. 159, 163. We are, therefore, not called upon to decide, whether there was other

evidence upon which under suitable instructions the jury could have found either actual or constructive delivery. It accordingly follows, that the ruling requested could not properly have been given, and that the case was rightly submitted to the jury.

*Exceptions overruled.*