## Berryman v. Harris.

(Decided October 10, 1922.)

## Appeal from McCracken Circuit Court.

1.   Bills and Notes—Defenses.—To a negotiable promissory note in the hands of an innocent purchaser, for value before due, there is no defense.
2.   Bills and Notes—Defenses—Instructions.—An instruction which directs the jury to find for the holder of a note the amount thereof, unless the jury believe from the evidence that the note was executed in consideration that the original payee was about to put over a certain deal in another county and that the said original payee had failed to put said deal over, or perfect same, the jury should find for the maker of the note, was erroneous because it left out of consideration the law as expressed in our negotiable instrument act protecting assignees of negotiable undue notes for value without notice of infirmity in or defense to such notes.

EDGAR WASHBURN and M. E. GILBERT for appellant.

MOCQUOT, BERRY & REED for appellee.

Opinion of the Court by Judge Sampson—Reversing.

Appellant Berryman sued appellee Harris on a $1,-250.00 negotiable note bearing date the 19th day of June, 1919, of which the latter was the maker and one Gilbert the payee, and which note was assigned, as appellant contends, before due for value to appellant Berryman. Harris defended, pleading no consideration. The jury returned a verdict in favor of the maker, Harris. From judgment entered in accordance with the verdict Berryman appeals.

Berryman testified he purchased the note from Gilbert, the payee, in due course for value before due and that he did not know of, or have information of any defense to the note, or of any infirmity therein. Appellee Harris deposed that he told appellant of the want of consideration for the note and advised appellant not to purchase it before appellant became the assignee. This was denied by Berryman.

The court instructed the jury to find for appellant Berryman the amount of the note unless it believed from the evidence that the note was executed in consideration of the agreement with Gilbert to put over a deal with one Charles Cole in Marshall county, and that Gilbert failed to put said deal over or perfect same, in which event the jury should find for defendant Harris. This instruction was erroneous in that it left out of consideration the law protecting assignees of negotiable undue notes for value without notice of infirmity in or defense to such notes. If, as he testified, Berryman in good faith took the note before maturity for value without notice of want of consideration for its execution, or other infirmity in the paper, he was entitled to a verdict and judgment even though the note was obtained by Gilbert without consideration in the way and manner stated by Harris, for such a defense, though good as between the original parties to the paper, was impotent in a suit by an innocent purchaser for value. See negotiable instruments act, now section 3720b, Kentucky Statutes, 1922.

Judgment reversed.