RAINIER v. LaRue ET AL.

[No. 12,082. Filed April 23, 1925.]

1. BILLS AND NOTES.—*Negotiable instruments presumed to have been delivered when in hands of holder in due course.*—Under the provisions of §16 of the Negotiable Instruments Law (Acts 1913 p. 120, §11375 Burns 1926, §9089p Burns 1914), promissory notes that are negotiable instruments under the law, when in the hands of a holder in due course, will be conclusively presumed to have been delivered. p. 29.

2. BILLS AND NOTES.—*When holder of negotiable instrument has good title thereto stated.*—The holder of a negotiable instrument who takes it before maturity, or its due date, for a valuable consideration, in the usual course of business, with-

out knowledge of the facts which impeach its validity between prior parties, holds such instrument by a good title, or, in other words, is a holder in due course.   p. 31.

3.　BILLS AND NOTES.—*Promissory notes in hands of holder in due course not void though emanating from a void transaction under the "Blue Sky Law."*—Promissory notes that are within the provisions of the Negotiable Instruments Law, in the hands of a holder in due course, as defined in §52 of that law, §9089z1 Burns 1914, Acts 1913 p. 120, are not void though they emanated from a transaction prohibited by the "Blue Sky Law" of 1921, Acts 1921 p. 255, §4359r *et seq.* Burns' Supp. 1921.   p. 31.

From Newton Circuit Court; *Hume L. Sammons,* Special Judge.

Action by Alfred P. Rainier against Emmet M. LaRue and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the second division.

*Frazer & Isham* and *Henley & Henley,* for appellant.
*John A. Dunlap* and *Emmet M. LaRue,* for appellees.

NICHOLS, J.—Action by appellant to replevy two promissory notes from Bertha McVittie, and from appellee, her agent. Summons and service thereof on Bertha McVittie being quashed, the action was discontinued as to her. There was an answer in denial, a trial, and verdict for appellee, upon which, after appellant's motion for a new trial was overruled, judgment was rendered. The error presented in this court is the action of the court in overruling appellant's motion for a new trial, under which appellant presents alleged error in giving certain instructions, and in refusing to give an instruction tendered by him. It is appellant's contention that the notes involved were stolen from him by one Silverburg after they were signed by him, but before he had delivered them. But Silverburg testified that the notes, with others, were signed by appellant in his presence, and that he picked them up, one by one, and handed them to one Crump.

Bertha McVittie testified that she received the notes from Crump, in exchange for money which she had given him to invest for her. She was unacquainted with appellant, and knew nothing of the notes until they were delivered to her by Crump, under the circumstances aforesaid. She sent the notes to appellee, her attorney, for collection, and while in his hands, the replevin action herein was commenced against him. We have no doubt that the transaction between appellant and Silverburg by which he obtained the notes in suit was a fraudulent transaction on the part of Silverburg, and, in all probability, the jury was so convinced. But, by its general verdict, the jury has found that Bertha McVittie, appellee's principal, was a holder in due course, for a valuable consideration, of a negotiable instrument, and there is evidence to sustain such a verdict. There is no contention that the notes were not negotiable instruments had they been duly delivered. The first instruction given by the court, of which appellant complains, informed the jury that the notes involved were negotiable instruments as defined by the law of the State commonly known as the Negotiable Instruments Law. Acts 1913 p. 120, §11360 *et seq.* Burns 1926, §9089a Burns 1914. Appellant contends that the notes had no existence as such, or as negotiable instruments, for the reason that they were never delivered. As seen above, there was evidence of delivery, but aside from this, §16 of the Negotiable Instruments Law, §11375 Burns 1926, §9089p Burns 1914, *supra,* expressly provides that "where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed."

The second instruction complained of defined a holder in due course in the language of the statute, §11411 Burns 1926, §9089z1 Burns 1914.

The third instruction complained of informed the jury that the holder of negotiable instruments, who takes them before maturity, or their due date, for a valuable consideration, in the usual course of trade, without knowledge of the facts which impeach their validity between antecedent or prior parties, holds such notes by good title. We discover no error in the giving of any of these instructions.

Appellant tendered an instruction that would have told the jury, in effect, that if the notes were not delivered, appellant was entitled to a verdict. Such an instruction would have been error. Under the circumstances of this case, as above appears, the delivery of the notes is conclusively presumed. Even if it be conceded that, under the evidence, the transaction out of which the notes emanated was void under the provisions of §14 of what is commonly called "the Blue Sky Law," Acts 1921 p. 255, it does not necessarily follow that the notes were void in the hands of a holder in due course as such a holder is defined in the Negotiable Instruments Law.

We find no reversible error.

The judgment is affirmed.