## Eversole, et al. v. Baker.

### (Decided December 3, 1926.)

### Appeal from Leslie Circuit Court.

1. Judicial Sales—One Claiming Under Commissioner's Deed Must Show Regularity of Proceedings Under Which Executed.—It is incumbent on one claiming under commissioner's deed to show regularity of proceedings under which it was executed.

2. Evidence—One Seeking to Maintain Issue Must Present Best Evidence he can.—One seeking to maintain an issue must ordinarily present the best evidence within his control or obtainable by him.

3. Evidence—Party Unable to Produce Best Evidence May Rely on Secondary Evidence.—Party who cannot produce best evidence may rely on secondary evidence within his power to produce.

4. Evidence—Records—Commissioner's Deed, Reciting Execution by Authority of Certain Court Orders, Since Destroyed, Held Sufficient Evidence of Title in Persons Claiming Thereunder (Ky. Stats., Section 3760).—Commissioner's deed, reciting that it was authorized by certain orders of named court at designated terms in certain action then pending therein, held evidence sufficient, in absence of fraud or mistake, to sustain title of persons claiming thereunder after destruction of records to which it referred, in view of Ky. Stats., section 3760, and secondary evidence rule.

L. D. LEWIS for appellants.

J. M. MUNCEY, J. L. DIXON and J. M. BICKNELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellants brought this equitable action claiming to be the owners of a described tract of land in Leslie county, and alleging that defendant (appellee) had trespassed thereupon and cut and disposed of timber to the value of $210.00, and prayed judgment against him for

that amount, and that he be enjoined from further trespass.

In his original answer defendant denied the ownership of the plaintiffs, and denied the trespass, but did not assert title in himself. However, he thereafter filed an amended answer wherein he alleged that he and the heirs of Joe Murrell, deceased, were the equitable owners of the tract of land described in the petition, and that said heirs and defendant, under their license and with their consent, had had the constructive possession of all of said land for more than fifty years, and that no one had had the actual possession of the same, or any part thereof, during said period.

He further alleges that prior to the 28th of November, 1877, an equitable action was pending in the Perry circuit court, wherein the administrator of Russell Begley, deceased, was plaintiff and Russell Begley's heirs were defendants; but that before the filing of said action Joe Murrell had purchased from the heirs of Russell Begley, deceased, the three tracts of land described in that action and had taken title bonds from said heirs therefor. He alleges that only three tracts were mentioned in that suit, the second tract mentioned therein being the same now in controversy in this action, and that the title bonds so executed and delivered to Joe Murrell were filed in that action and have been lost or mislaid and cannot now be shown to the court. He alleges that on the 28th of November, 1877, judgment was entered in the Begley action pending in the Perry circuit court directing a sale of the three tracts of land or so much thereof as was necessary to raise the sum of $219.24, the amount necessary for the payment of Russell Begley's debts. He alleges that on the 11th of February, 1878, the master commissioner sold said lands, at which sale Polly Murrell became the highest and best bidder for the second and third tracts therein mentioned, but that thereafter said sale was set aside and a new sale of said lands ordered by the court to be made by a special commissioner, and that on the 21st of September, 1885, said special commissioner did sell the third named tract mentioned in the judgment for the sum of $346.80, but that the second tract mentioned therein was not sold; and that said second tract, the one here in controversy, remained unsold and continued to be held by this defendant and the heirs of Joe Murrell, deceased, under and by

reason of the aforesaid title bonds executed by Russell Begley's heirs.

He also alleges in the amendment that the master commissioner's deed under which the plaintiffs claim is void because the land therein described was not in fact sold, and because there was no order of court directing a conveyance of said land to Hiram Napier, under whom the plaintiffs claim, nor any order of court approving said deed or ordering it to be certified for record.

By reply the plaintiffs denied that Joe Murrell purchased the three tracts of land mentioned, or had taken title bond therefor from the Begley heirs, or that the same was filed in the action referred to, or that any such title bond ever existed, or was lost or mislaid, and denied the other material allegations in the amended answer.

After preparation the cause was submitted and the court entered a judgment dismissing the plaintiffs' petition, but not adjudging either party to be the owner of the land in question. The plaintiffs traced their title back to the Commonwealth through Russell Begley, deceased, who had patented the lands; but in the chain of title exhibited by them there was a commmissioner's deed purporting to have been executed under the orders of the court in the action to settle Russell Begley's estate, and the dismissal of plaintiff's action appears to have been upon the theory that this purported commissioner's deed was void, and did not convey title to the plaintiffs or their vendor.

At the time of Russell Begley's death and at the time of the institution of the action to settle his estate, the lands therein described were in Perry county, and the judgment directing the sale of the three tracts of Begley's land was entered by the Perry circuit court at its November term, 1877; but the first sale held under that judgment was set aside by the court at its June term, 1885, and in the order setting it aside a special commissioner was appointed to sell the lands "as directed by a former judgment of this court at the front doors of the courthouse in Hyden, Leslie county, Kentucky." This modification of the original judgment was doubtless prompted by the fact that in the meantime, and in 1879, Leslie county had been created by the General Assembly, and that part of Perry county embracing the Begley lands had been placed in the new county.

The special commissioner proceeded under the last named order to sell the second described tract in the judgment on the 21st of September, 1885, at which sale Hiram Napier, plaintiff's vendor, became the purchaser, and the validity of the commissioner's deed to Napier is the controlling question in this case.

The evidence discloses that the papers in the action to settle Russell Begley's estate have been lost or destroyed, and the presumption is that they were destroyed in a fire at the courthouse in Hazard. It also shows that the record book of the Perry circuit court, embracing the orders made in that court from 1886 to 1890, is also lost or destroyed, and presumably in the same fire, although the exact date of such fire is not disclosed. The circuit clerk in his deposition files a transcript of all the orders made in the Begley action, beginning in 1875 at the November term and embracing one order made at the November term, 1886. Among those orders is the judgment of sale entered at the November term, 1877, and the order appointing a special commissioner after the first sale had been set aside, which was entered at the June term, 1885, and an order entered at the December term, 1885, showing the filing by the special commissioner of his report of sale. The last named order was entered on December 8, 1885, and directed that the report of sale lie over three days for exceptions. Between that and November 5, 1886, no order appears to have been entered, and presumably, therefore, no exceptions to the sale were filed, for the last named order merely is "submitted for necessary orders."

It is true, as claimed by appellee, that it is incumbent upon one claiming under a commissioner's deed to show the regularity of the proceedings under which the deed was executed, Stovall v. Mayher, 162 Ky. 283; and it is true that no report of sale is exhibited because the old records in the suit are destroyed; and it is true that there is no order on the records of the Perry circuit court showing an order of confirmation, no order directing a deed, and no order showing the execution of the deed and approval thereof by the court. But there is an order showing the filing of the commmissioner's report of sale entered December 8, 1885, and there is an order in the same order book entered November 5, 1886, showing the submission of the cause for additional orders. In addition there is a reference in the commissioner's deed to

the order made at the June term, 1885, directing him to sell the land, and that order is here; further, the commissioner's deed recites the fact that in accordance with such order the special commissioner did on the 21st of September, 1885, expose the land for sale, and that Hiram Napier became the purchaser; it is also recited in the commissioner's deed that the report of sale made by him was confirmed by an order of the court at the November term, 1886, which is the same term shown by the last order on file at which the cause was submitted for necessary orders; and it is further recited in the commissioner's deed that at the same term an order was entered directing the commissioner to execute a conveyance of the land to Hiram Napier, and the commissioner's deed has appended to it the statement, "Acknowledged by the commissioner, examined and approved in open court this 13th day of May, 1887, H. C. Lilly, judge;" and there is appended to the commissioner's deed a certificate by the clerk of the Perry circuit court certifying that the deed had been presented in open court by the special commissioner and acknowledged by him, and that the deed having been examined by the court was approved and confirmed and was endorsed by the judge, and ordered to be transmitted for record. This certificate by the clerk is dated the 14th day of May, 1887. And there is appended to the commissioner's deed a certificate from the clerk of the Leslie county court that the same had been filed therein for record, and recorded on the 6th of February, 1890.

So that we have a commissioner's deed relied upon in a chain of title where the papers in the action wherein the deed was supposed to have originated, are destroyed, and the record books of the court during the period covering the entry of certain necessary orders are also destroyed; and we have the claimant through that title filing as evidence of title an instrument by a special commissioner which recites the facts as to such missing orders and records.

It is an elementary rule of evidence that one seeking to maintain an issue must ordinarily present the best evidence within his control, or which may be obtained by him, to sustain his contention, and obviously, except for the showing that the papers in the Begley case and the orders entered therein subsequent to a certain period at the November term, 1886, were destroyed, it would have been incumbent upon the plaintiffs to have exhibited

those orders and papers as the best evidence of their title. But there is another rule known as the rule of secondary evidence, which is, that when it is not within the power of a party to produce the best evidence he may rely upon such secondary evidence as may be in his power to produce.

We have here the solemn statement by a public official regularly appointed, and who had taken the oath of office and executed bond as such, to the effect that the instrument which he was then executing was authorized by certain orders of the Perry circuit court made at certain designated terms, and in a certain action then pending therein, and it would practically be a nullification of the secondary rule of evidence to say that after the destruction of the records referred to in that commissioner's deed its recitals would not be evidence of the facts therein recited sufficient to sustain the plaintiff's title upon a showing that the best evidence had been destroyed. In the statute law of this state we have a distinct recognition of this rule of evidence; for, under the title of ''Office and Officer,'' section 3760, Ky. Stats., it is provided, ''Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.''

Here we have no charge either of fraud or mistake, and it would be violative of the letter and spirit of the quoted statute to say that the solemn recitals in the commissioner's deed were not evidence of the facts therein recited after the destruction of the records to which it referred. But, wholly apart from that statute, the general rules as to the admission of secondary evidence under these circumstances would control. Buckwalter Bros. v. Arnett, 17 R. 1233.

But appellee introduced some three or more witnesses on the trial who testified that at the sale in question tract No. 2 now in controversy was not actually sold, but that only tract No. 3 described in the judgment was sold. Apart, however, from the consideration of the competency of such evidence, the judgment authorizing the sale of these three tracts specifically directed that tracts Nos. 1 and 2 should be sold before tract No. 3, and

in addition to that the recital in the commissioner's deed that tract No. 2 was sold as directed by the judgment is certainly more convincing evidence than that of the mere recollection of witnesses after a long term of years.

Our conclusion is that the recitals in the commissioner's deed were competent evidence to show the necessary steps had been taken in the Begley action, and contained the best existing evidence of the facts in issue; and that instrument, being valid upon its face when taken in connection with the orders in evidence, shows, with the other exhibits, valid title in the plaintiffs.

The judgment is reversed, with directions to enter a judgment adjudging the lands in question to the plaintiffs.