## Baker et al. v. Kelly.

## McCormack v. Same.

(Decided October 23, 1928.)

### Appeals from Perry Circuit Court.

1.  Municipal Corporations.—In action to subject property to payment of apportionment warrants issued by the city council for construction costs in improving streets, fact that improvement ordinance was not introduced at regular meeting was not material, where copy of proceeding showed presence of all members of council at meeting, and council was not prohibited from transacting business at special session if all members were present.
2.  Municipal Corporations.—Exhibit consisting of minute book of city clerk showing meeting was held on date when improvement ordinance was passed is controlling on question whether such meeting was held if properly authenticated, unless there is some evidence to show that it was fraudulently entered.
3.  Appeal and Error.—In action to subject property to payment of apportionment warrants issued by city council for construction costs in improving street, finding under conflicting evidence that contracts were advertised for two consecutive weeks as required by Ky. Stats., sec. 3571, will not be disturbed.
4.  Municipal Corporations.—Contracts for street improvement could not be contested on ground that they were signed by mayor pro tem. without authority under Ky. Stats., section 3486, since mayor had not been absent for three days when contracts were signed, where contracts were subsequently approved and ratified by council at meeting presided over by regular mayor.
5.  Evidence.—Where city clerk made certified copies of proceedings of council in duplicate for attorney in another case and records

were damaged by waters, carbon copy of certified copies of record, not shown to have been attested as "copies" of record nor certified as copies, were not admissible under Ky. Stats., sec. 1629, in proceedings involving validity of action of council, and judgment depending on exhibits must be reversed for proper certification of exhibits.

M. K. EBLEN for appellants.

SAUFLEY & WARD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In separate actions in the Perry circuit court, appellee recovered several judgments against the appellants, subjecting their property abutting on Oakhurst street, in the city of Hazard, to the payment of apportionment warrants which had been issued by the city council in payment of construction costs in the improvement of that street. While not consolidated, the cases were tried and heard together in the lower court upon the same evidence, and that practice is followed in this court. Appellee's proof conduces to show that the resolution for this improvement was duly passed by the city council on June 7, 1926, and advertised in the Hazard Herald in its issue of June 18, 1926. The ordinance for the improvement had its first reading July 7, 1926, more than 30 days subsequent to the resolution, thus conforming to the provisions of section 3570, Kentucky Statutes. It had a subsequent reading and was passed July 19, 1926, thus conforming with section 3563, Kentucky Statutes. It was advertised in the Hazard Herald in its issues of June 18th and 25th, and July 2d, 9th, and 16th, and 23. In conformity with the ordinance the mayor of the city advertised for bids to be submitted August 2, 1926. Such advertisement appears in the same paper in its issues of July 23 and 30, 1926. On August 2, 1926, the council met and received the bid of J. S. Kelly, and, no one else submitting bids, he was awarded the contract. The improvements were made in accordance with the contract, and no question is raised as to the regularity of the proceedings to such letting.

The appellants admit the proper passage and advertisement of the resolution and the regularity of all the proceedings subsequent to the execution of the contract, but insist that the meeting of July 7th was unauthorized; that there was no meeting on July 19th; that

the advertisements for bids was illegal and the contract void, in that it was executed by the mayor pro tem. at a time when it had no authority to act.

1. As to the first proposition it appears that regular meetings of the council are held on the first Monday in each month; that the first Monday in July, 1926, was the 5th day of that month; consequently a meeting held on July 7th was not a regular meeting. However, we do not think this material in this case. The exhibit filed in evidence purporting to be a copy of that proceeding shows the presence of all the members of the council at that meeting. There is nothing in the charter of cities of the fourth class prohibiting the council from transacting business of this character at a special session, and, if all the members were present appellants' contention cannot prevail. City of Mt. Sterling v. King, 126 Ky. 526, 104 S. W. 322. The competency of the exhibit will be considered later.

2. As evidencing there was no meeting held on the 19th of July, appellants testified that on the 2d of August they examined the minutes of the board as kept by the clerk. And at that time the only meeting appearing upon the minutes was that of July 7th. They then asked several members of the board as to whether a meeting had been held subsequent to July 7th, all of whom stated there had not been any such meeting. They also undertook to show that the August vouchers issued to members of the council in payment of their July services did not embrace such meeting. On the other hand, the city clerk testifies that a meeting was held on July 19th, at which time the ordinance in question was passed; that he made a memorandum of the proceedings of the meeting in a book kept for that purpose and subsequently entered the proceedings in the minute book. And filed as an exhibit with his deposition a purported copy of the proceedings of that meeting with reference to the ordinance. Appellants did not offer to introduce any of the members of the board to substantiate their contention. As the board speaks through its records, the exhibit if properly authenticated must control, unless there is some evidence to show that it was fraudulently entered, and we do not think the evidence submitted justifies such an assumption. It will also be observed that more than ten days intervened between the passage of the two ordinances as required by section 3563 of the Statute, and the proceedings seem regular.

3.   Section 3571 provides that contracts shall be let to the lowest and best bidder after advertisement for two consecutive weeks.   It is urged by appellants that this was not done; that although advertised in the issues of July 23rd and 30th in the Hazard Herald and let on August 2, that nevertheless, by reason of delay in publishing the last issue of that paper, the one in which the second advertisement appeared, was not really issued until the afternoon of August 2d, and therefore after the contract was let.   On this point the evidence is conflicting.   The publisher, while admitting the delay, says that the bulk of the papers were gotten out on Saturday, July 31st, a matter which appellants deny, and as the court found for appellee on this point, in view of the conflict in evidence his finding will not be disturbed.

4.   It is urged that the mayor of the city had not been absent for three days on August 2, 1926, at the time the contract was approved by the mayor pro tem., and that under the provisions of section 3486, Kentucky Statutes, the acts of the mayor pro tem were unauthorized and the contract void.   Even if defective in this respect, a point not decided, it appears that the contract was afterwards approved and ratified by the action of the council at a meeting presided over by the regular mayor; hence this question is without merit.   Blanton v. Town of Wallins, 218 Ky. 296, 291 S. W. 372.

5.   As to whether the exhibits introduced were competent evidence is a more serious question.   It appears that some time prior to this action the city clerk had made certified copies of the proceedings of the council for an attorney who was testing the validity of the bonds. He made them out in duplicate and furnished the attorney with a carbon copy of each.   At the time the clerk's deposition was taken his records had been damaged by flood waters and were too wet to handle, hence they were not introduced or inspected by the court.   Over the objection of appellants the carbon copies indicated above were introduced and filed as exhibits.   They are marked "Attest Kirkpatrick, Clerk," but it is nowhere indicated that they are attested as "copies" of the record, nor are they in the form of certified "copies."   Exceptions were filed to all of these exhibits and overruled by the court. Section 1629, Kentucky Statutes, authorizes attested "copies" to be used as evidence in cases of this character, but we have held that a failure to properly indicate them as such renders them incompetent.   See Barrett v. Godshaw, 10 Ky. Op. 324.   With the exhibits omitted the

evidence is insufficient to support the judgment and for this reason the judgment must be reversed. But inasmuch as plaintiff might have had the exhibits properly certified, had the lower court sustained the exceptions, he will be permitted to do this on a return of the case, and if done judgments will be rendered for plaintiff.

Defendants also introduced some incompetent evidence to which objection should have been sustained, but as it did not affect the judgment, further reference to it is unnecessary.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.