LEONARD A. COHN & others *vs.* CITY OF TAUNTON.

Bristol.   October 24, November 7, 1938. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Bills and Notes,* Holder in due course, Delivery, Municipal bond. *Municipal Corporations,* Bonds.

A municipal bond negotiable in form and payable to bearer, stolen while in the hands of the municipal treasurer uncancelled after he had received it for registration and had issued a substitute registered bond, was subject to the negotiable instruments law and enforceable in the hands of a holder in due course.

CONTRACT. Writ in the Superior Court dated November 21, 1936.

The action was heard upon an agreed statement of facts by *Sheehan,* J., who reported it without decision.

*J. J. Kaplan,* for the plaintiffs.

*F. E. Smith,* City Solicitor, submitted a brief.

QUA, J. This action by innocent purchasers for value without notice is now prosecuted to recover the face amount of overdue coupons on certain bonds of the defendant city payable to bearer which have been stolen from the vault of the city treasurer.

The facts need not be stated in detail, as in all essential respects they are in substance the same as those set forth in *Fidelity & Deposit Co. of Maryland* v. *Taunton, ante,* 176, except that after these bearer bonds had been "delivered to the city treasurer as agent" in order to have them registered he had completed the issue of fully registered bonds of like amount, but had not destroyed or cancelled the bearer bonds nor placed any notation upon them and had kept them in his vault.

In our opinion this difference in the facts does not lead to a different result in this case. In *Fidelity & Deposit Co. of Maryland* v. *Taunton* we held that bonds of this same issue were negotiable instruments and that holders in due

course, as are these plaintiffs, had the rights confirmed to such holders by the negotiable instruments law, G. L. (Ter. Ed.) c. 107, § 80. It is settled that by that law an instrument negotiable in form and signed by the maker may be enforced by a holder in due course, in spite of the fact that there has been no proper delivery by the maker or that the instrument has been stolen from him. A valid delivery is "conclusively presumed" in favor of a holder in due course. § 38. *Massachusetts National Bank* v. *Snow,* 187 Mass. 159. *C. B. Ensign & Co.* v. *Forrest,* 251 Mass. 296.

In a number of cases this rule has been applied against municipal corporations. *Copper* v. *Mayor & Common Council of Jersey City,* 15 Vroom, 634. *Montvale* v. *People's Bank,* 45 Vroom, 464. *Citizens' Savings Bank* v. *Greenburgh,* 173 N. Y. 215. *East Lincoln* v. *Davenport,* 94 U. S. 801. *Ronede* v. *Jersey City,* 17 Reporter, 263; Fed. Cas. 12,031a. It would be unfortunate in many respects if bonds of municipalities passing by delivery in the market should be treated differently in this regard from the negotiable paper of other corporations and individuals. It is true that the incurring of liability by municipalities is often strictly regulated by statute, and we need not now go so far as to say that such statutes could never affect the position of an innocent holder. See *Agawam National Bank* v. *South Hadley,* 128 Mass. 503, 506; *Brown* v. *Newburyport,* 209 Mass. 259. No difficulty of this kind has been called to our attention or is perceived in the facts agreed in this case. In *Citizens' Savings Bank* v. *Greenburgh,* 173 N. Y. 215, at page 225, the Court of Appeals of New York said, "We find, therefore, that the validity of municipal obligations is not affected, in the hands of innocent holders for value, by facts, which concern merely the manner of their passing from their maker into currency and which do not concern the mode of, or the authority for, their creation."

An instrument that has once been issued, returned, discharged, and then stolen would seem to stand no differently in the hands of a holder in due course than an instrument that has been prepared, signed and stolen before being issued. The case of *Ehrlich* v. *Jennings,* 78 S. C. 269, is

authority to that effect as to negotiable bonds of the State. See also *State* v. *Wells, Fargo & Co.* 15 Cal. 336. The case of *Branch* v. *Commissioners of Sinking Fund*, 80 Va. 427, cited by the defendant, was decided before the negotiable instruments law and at a time when the authorities were divided as to the necessity of an authorized delivery of a negotiable instrument. *District of Columbia* v. *Cornell*, 130 U. S. 655, is distinguishable, both because of the special nature of the instruments there involved and because they had been marked cancelled in a manner as clear and distinct as the signatures themselves.

> *Judgment for the plaintiffs in the sum of $100 and interest from the date of the writ.*