## Matthews v. Hudson.

June 4, 1948.

Rehearing denied October 5, 1948.

H. C. Kennedy for appellant.

Ben D. Smith and V. O. Blackburn for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

William Lee Hudson brought an action in ejectment against Mark Matthews to recover possession of a parcel of land in the City of Somerset. The strip of land in dispute is 49 feet long and 16 feet wide, and is located on the west bank of Sinking Creek west of Main Street. At the conclusion of all the evidence the court peremptorily instructed the jury to find for the plaintiff, and the defendant has appealed.

On October 12, 1946, Beecher Smith and wife conveyed to appellant, Mark Matthews, a lot in Somerset which was described in the deed as follows:

"A certain lot of ground lying and being in Pulaski County, Ky. and on the west side of what is now South Main St. in Somerset, Ky. and bounded and described as follows:

"Beginning at a point in the middle of South Main St.: Thence running westward across Sinking Creek 70 feet to a stake: Thence southwardly 49 feet to a stake; Thence eastwardly 70 feet to the center of South Main St. Thence northwardly 49 feet to the beginning."

Soon after this transaction appellant erected a building which extends over the strip in dispute. Beecher Smith acquired the lot on June 16, 1928, from the heirs of Sarah J. McDowell by commissioner's deed which described the lot as being 70 feet by 49 feet and "beginning in the Main Street at a stake in the middle of said street." Sarah J. McDowell acquired the lot on September 3, 1900, from Amanda E. Meece. In the deed from Mrs. Meece to Sarah J. McDowell the lot was described as follows:

"Beginning on the Main Street at a stake in the middle of said street, thence running Westwardly across Sinking Creek 70 feet to a stake. Thence southwardly 49 feet to a stake, thence Eastwardly 70 feet to centre of Main street, Thence northwardly 49 feet to the Beginning it being a portion of what is known as the Wm Sheppard lot and being on West side of Depot or Main Street."

The lot was a portion of a large lot conveyed to Amanda E. Meece by Susan Sheppard on February 22, 1899. In the Susan Sheppard deed the large lot was described as follows:

"One lot or parcel of ground in the city of Somerset, Ky., lying on the west side of Monticello or Depot Street, between the said Street, and the C. S. Railway about one-half mile south of the Court House in Somerset, Ky., and bounded as follows; Beginning at a rock in the said road, thence N 80 degrees 45 minutes W to a rock on the right of way of said Railway thence with said line 100 ft. to a rock in same, thence S 80 degrees 45 minutes E to a rock, in said Monticello Street, thence with said Street 100 ft. to the Beginning."

Main Street was formerly known as Monticello Street. On May 23, 1912, Amanda E. Hudson, formerly Amanda E. Meece, conveyed the entire lot to her son, the appellee, reserving only the mansion house where she then lived. The lot theretofore conveyed to Sarah J. McDowell and now owned by appellant was not excepted, but appellee had notice of the conveyance to Mrs. McDowell, and, of course, claimed no part of that lot by reason of the deed from his mother.

The dispute is concerning the location of the west boundary line of the McDowell lot now owned by appellant. The north and south lines of the lot are 70 feet long, and if the west margin of Main Street is the beginning point they extend to points 16 feet west of the west bank of Sinking Creek, but Main Street is 32 feet wide and if the middle of the street is the beginning point the north and south lines extend only to the west bank of Sinking Creek. Appellant argues that appellee's deed from his mother calls for a lot on the west side of Monticello Street, now Main Street, and that the lot out of which appellant's lot was carved must be mea-

sured not from the middle of the street but from the west margin of the street, and when so measured appellant's lot extends 16 feet west of the west bank of Sinking Creek. The reference in the deed to the large lot, known as the Sheppard lot, to a parcel of ground "lying on the west side of Monticello or Depot Street," does not mean necessarily that the lot begins at the west margin of the street. The first call in the description is "Beginning at a rock in the said road," and the next to the last call is "to a rock, in said Monticello Street." But, be that as it may, appellant is bound by the description in his own deed, and by that deed he acquired a lot 70 feet long "Beginning at a point in the middle of South Main St." The deeds to all persons from whom he derived title back to the common source called for the center line of the street as the eastern boundary of the lot. Even though the call in a deed is to or along a street or highway, there is a presumption that the boundary of land extends to the center of the street or highway on which it abuts subject only to a public easement. Goodloe v. City of Richmond, 250 Ky. 608, 63 S. W. 2d 785; Blalock v. Atwood, 154 Ky. 394, 157 S. W. 694, 46 L. R. A., N. S., 3.

Appellant insists that three or four posts, the remains of an old fence, stand a few inches west of the rear end of his building and 70 feet west of the west margin of Main Street He assumes that the fence was erected on what was understood to be the west line of his lot, but appellee testified that he erected the fence many years ago as a screen for an outbuilding, and that it was not placed on or near the line. It may be noted that there is also a remnant of an old stone fence on the west bank of Sinking Creek 16 feet east of the posts referred to in appellant's evidence. Appellant pleaded adverse possession, but there was a total failure of proof on that issue.

Thomas B. Prather, the real estate agent who conducted the negotiations between appellant and Beecher Smith, testified that appellee told him the posts were on the line, but the witness later qualified his testimony in this respect by stating that appellee said the old fence was placed on his, appellee's property. Appellee denied that he had such a conversation with Prather. The statement, if communicated to appellant and acted upon

by him, would constitute, at most, a ground for estoppel, but estoppel was not pleaded and is not available as a defense. City of Hazard v. Duff, 295 Ky. 628, 175 S. W. 2d 146; American Surety Company of New York v. Noe, 245 Ky. 42, 53 S. W. 2d 178; Asher v. Pioneer Coal Company, 233 Ky. 661, 26 S. W. 2d 543.

A careful consideration of the record convinces us that the court correctly directed a verdict for the plaintiff, and the judgment is affirmed.