**CITY OF ERLANGER**

**v.**

**BERKEMEYER et al.**

**No. 11656.**

United States Court of Appeals Sixth Circuit.

May 11, 1953.

Rehearing Denied Sept. 15, 1953.

---

Ralph P. Rich, Covington, Ky., and Ervin L. Bramlage, Cincinnati, Ohio, on the brief, for appellant.

Peck, Shaffer & Williams, Per Frank H. Shaffer, Jr., John Colville Taylor and Walter E. Beckjord, Cincinnati, Ohio, on the brief, for appellee, Weil, Roth & Irving.

William J. Deupree and William J. Deupree, Jr., Covington, Ky., on the brief, for appellee, John D. Exterkamp.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This action was brought by the appellee, Raymond J. Berkemeyer, to enforce collection of past due principal and interest, of certain sewer revenue bonds alleged to have been issued by the appellant, City of Erlanger, payment of which had been refused. The appellee, John D. Exterkamp, intervened as the holder of certain bonds of the same issue. Appellant contended that the bonds had not been legally issued. The District Court upheld the validity of the bonds, from which ruling this appeal was taken.

The Town of Erlanger, then a municipal corporation of the sixth class, but now a city of the fourth class under the name of City of Erlanger, after duly providing by ordinance for the improvement of certain streets by the construction of sanitary sewers under the provisions of §§ 2741L–1 to 2741L–43, Carroll's Ky. Statutes, 1936 Ed., adopted ordinance No. 583 on March 5, 1936, which was thereafter amended on May 13, 1936, for the purpose of defraying the cost of construction and erection of the sewer system. The ordinance provided that there should be issued bonds of said town in the principal amount of $150,000 bearing date of March 15, 1936, with each of said bonds in the denomination of $1,000, bearing interest at the rate of not to exceed 6% per annum payable semi-annually on the 15th of March and September of each year, commencing September 1, 1936, with $5,000 of the principal of said bonds maturing on the 15th of March for each year from 1939 through 1968. It further provided that there should be set aside from all revenue and receipts from the sanitary sewer system a certain amount each year in monthly installments to be paid into a sinking fund to be used for the payment of principal and interest. Pursuant to the ordinance, $150,000 face value of bonds were printed and executed by the Mayor and the Town Clerk of the Town of Erlanger.

The construction of the sewer system was being done by Coolsaet Brothers Corporation, contractor, under written contract approved by the Town Board on November 22, 1935. The contractor encountered financial difficulty with a resulting delay in the construction work, and an attempt was made to have the Board of Trustees deliver certain of the bonds to the contractor in payment on the contract obligation. The appellees, owner of the bonds involved in this litigation, contend that a resolution authorizing the delivery of the entire issue to the contractor was adopted by the Board on June 4, 1936, and that the bonds were so delivered in payment for his construction work. The appellant denies that any such resolution was ever adopted by the Board and contends that the delivery of the bonds to anyone was never authorized by the Board, and that in the absence of such an authorized delivery the bonds were not legally issued and never became legal obligations of the Town. This issue will be disposed of first.

■■ At the trial the complainants and intervenor proved possession and non-payment of the past due bonds and interest coupons and rested their cases. The appellant introduced the minutes of the Board at its meeting on June 4, 1936, which did not disclose the passage of the ordinance relied upon by the appellees. It also introduced other evidence tending to show that no such ordinance was ever adopted. The appellees introduced what purported to be a typewritten copy of the ordinance of June 4, 1936, which had been delivered by the City Attorney of the Town of Erlanger to a firm of lawyers in Cincinnati, Ohio, which was passing on the validity of the bond issue, which copy was certified by the City Attorney as a true and correct copy of the ordinance passed by the Board on June 4, 1936. The District Court received in evidence over objection of the appellant, this purported copy of the ordinance, and held that pursuant to said ordinance all of the bonds had been legally delivered by officials of the Town of Erlanger in good faith and for value to the President of the Coolsaet Corporation, and that the bonds were enforceable obligations in the hands of the present holders. The appellant contends that under the settled law of Kentucky such evidence was not competent, and that the appellees failed to prove the passage of an ordinance providing for the delivery of the bonds, which was necessary for their validity.

We are of the opinion that the evidence was improperly received by the District Court. It appears to be the well settled rule in Kentucky that a city council can speak only by its records and that when the record is produced, parol evidence is inadmissible to supply omissions or to contradict its provisions. Dunn v. City

of Cadiz, 140 Ky. 217, 130 S.W. 1089; Spalding v. City of Lebanon, 156 Ky. 37, 160 S.W. 751, 49 L.R.A.,N.S., 387; City of Highland Park v. Reker, 173 Ky. 206, 190 S.W. 706; Baker v. Kelly, 226 Ky. 1, 4, 10 S.W.2d 467. See City of Evarts v. Fuller, 261 Ky. 47, 49, 86 S.W.2d 1058; Fidelity & Deposit Company of Maryland v. Commonwealth, for Use of City of Jackson, 252 Ky. 476, 479, 67 S.W.2d 719; Dance v. Board of Education, 296 Ky. 67, 69, 176 S.W.2d 90. The facts in Baker v. Kelly, supra, are somewhat similar to those in the present case, in that in that case there was offered in evidence an attested copy of the proceedings of the City Council which the City Clerk had delivered to an attorney who was testing the validity of the bonds. The evidence was held incompetent, the Court pointing out that the attestation of the copy by the City Clerk was not the proper certification required by the statute to make such records admissible in evidence. Likewise in the present case, the certification by the City Attorney is not authorized by statute and does not make the copy admissible in evidence as a properly certified copy under § 422.020 (3) or § 86.100(2) Ky. Revised Statutes.

■ The District Judge was of the view that the record of the resolution calling for the delivery of the bonds to the contractor had in some manner disappeared from the records and the books of the Town of Erlanger, and that secondary evidence was admissible to supply the lost record. Appellees rely upon the rule to that effect, which appears to be well recognized in Kentucky. Eversole v. Baker, 217 Ky. 15, 20, 288 S.W. 758; Commonwealth ex rel. Love v. Reynolds, 284 Ky. 809, 814–816, 146 S.W.2d 41; Kissel-Skiles Co. v. Neff, 232 Ky. 825, 834, 24 S.W.2d 588; Belcher's Adm'r v. Belcher, 55 S.W. 693, 21 Ky.Law Rep. 1460. The rule in such cases is applicable to a situation where the record itself has been lost or destroyed and such lost record is reproduced in its entirety under the well accepted best evidence rule. In the present case, the record of the proceedings ·of the Board was not lost or destroyed, but on the contrary was available, and appellees' efforts were an attempt to contradict or vary the written record rather than an attempt to reproduce it.

■■ Irrespective of any failure to prove an authorized delivery of the bonds to Coolsaet Brothers, appellees contend that the bonds were negotiable in character and in the hands of a holder in due course are enforceable against the City. Appellant contends that the bonds were not negotiable in character, and that even if negotiable in character the defense of illegality in their issuance can be maintained against the appellees.

Under the Negotiable Instrument Act, an instrument to be negotiable must contain an unconditional promise or order to pay a sum certain in money. An order or promise to pay out of a particular fund is not unconditional. §§ 3720b–1, 3720b–3, Carroll's Ky.Statutes, 1936 Ed., which were the statutory provisions in effect in 1936. The bonds, which were payable only from revenue derived from the sewer system did not qualify as negotiable instruments under these sections of the statute. See Pulaski County v. Ben Hur Life Association, 286 Ky. 119, 125–126, 149 S.W.2d 738. However, irrespective of such a conditional promise to pay, the Legislature can provide that such instruments be negotiable in character. Hunter v. City of Louisville, 208 Ky. 326, 270 S.W. 841; Pulaski County v. Ben Hur Life Association, supra, 286 Ky. at pages 130–131, 149 S.W.2d at pages 743, 744. Section 2741L–5, Carroll's Ky.Statutes, 1936 Ed., which authorizes a city of the sixth class to establish a sewer system and to issue bonds for the purpose of defraying the cost, provides "Any and all such bonds shall have and are hereby declared to have in the hands of bona fide holders all of the qualities of negotiable instruments under the law merchant, and shall not be subject to taxation. * * *" The bonds referred on their face to this Act of the Legislature. Appellant contends that the proper construction of this statutory provision is not that the bonds are negotiable

instruments, but that they have the qualities of negotiable instruments *"in the hands of bona fide holders"*, and that with respect to the bonds and coupons involved in this litigation, the present holders, who acquired them after maturity or without consideration, are not bona fide holders, even though they may have acquired them from one who was a bona fide holder. Bank of Willard v. Pennsylvania & Kentucky Fire Brick Co., 175 Ky. 192, 194 S.W. 110, L.R.A.1918E, 165. Such a construction fails to give effect to another section of the Negotiable Instrument Act which provides that "a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." § 3720b–58 Carroll's Ky.Statutes, 1936 Ed.; § 356.058 Ky. Revised Statutes. This section of the statute was not referred to in the Bank of Willard case, supra. We are of the opinion, and so hold that the bonds are negotiable in character and that the holders of the bonds and coupons, even though not holders in due course themselves, have the same rights with respect to such bonds and coupons as had been previously acquired by their predecessors in title. Citizens' Trust & Guaranty Co. v. Hays, 167 Ky. 560, 566, 180 S.W. 811; Thomas v. Siddens, 261 Ky. 613, 88 S.W.2d 277. It becomes necessary then to determine if the appellees or their predecessors in title, were holders in due course.

█ The evidence shows that the City Attorney of the Town of Erlanger delivered 22 of the bonds to two men named Zumstein and Smith, who represented that they could raise some money for the appellant on the bonds at the Ft. Thomas Bank, that the bonds were thereafter pledged by Zumstein and Smith to the Ft. Thomas Bank as collateral on notes, executed by them, and that the Town of Erlanger did not receive any of the proceeds of these loans by the bank.

The District Judge made no findings with respect to these loans, but the documentary evidence indicates the following. On December 23, 1936, two bonds were pledged to the Bank on a note for $1,000. Another loan in the amount of $2,000 was made on February 11, 1937, which was secured by three of the bonds. On other loans, two bonds were pledged on February 13, 1937, two on March 25, 1937, three on May 12, 1937, two on May 15, 1937, two on June 30, 1937. The Bank purchased two bonds on April 22, 1937. Some payments were made on the indebtedness. The unpaid balance on September 6, 1938, was $5,389. On November 14, 1938, the Bank charged off $1,000 of the indebtedness. Following a small final payment on May 16, 1939, the unpaid balance was $4,371. On June 6, 1939, the Bank charged off additional notes in the total amount of $3,800, leaving an unpaid balance on its books of $571. Thereafter on September 12, 1945, the Bank sold to the appellees, The Weil, Roth and Irving Company, dealers in municipal bonds in Cincinnati, Ohio, and Raymond J. Berkemeyer, its cashier, the bonds which they are now seeking to enforce. Their claim is for past due interest on nine bonds, represented by coupons which fell due on September 15, 1937 and thereafter, and for the principal on four of the bonds, two of which fell due on March 15, 1942 and 1943, and two of which, being the two which the Bank purchased, fell due on March 15, 1945.

The evidence also shows that the City Attorney delivered twenty-five bonds to the contractor, Coolsaet Brothers, to enable him to raise some money on them in Detroit under an agreement that they were not to be used until the Board passed the ordinance authorizing the delivery. There is only hearsay evidence concerning the possible return of these bonds to the City. But there is evidence that Coolsaet Brothers rented from John G. Exterkamp, father of the appellee John D. Exterkamp, certain equipment which he used in his construction work, and that he made the final payment on his indebtedness to the senior Exterkamp by a delivery of the bonds now owned by the son, who acquired them by inher-

itance following the death of the senior Exterkamp in 1942. The claim of Exterkamp is for past due interest coupons on five bonds, none of which are due as to principal, represented by 157 coupons falling due on September 15, 1936, and semi-annually thereafter.

The District Judge found that John G. Exterkamp received his five $1,000 bonds for work, labor and material of like value performed in the construction of the sewers in the Town of Erlanger, under contract with Coolsaet Brothers, the original contractor, and that the intervening petitioner John D. Exterkamp was the bona fide holder and owner of the bonds he is seeking to enforce in this action. He also found that two of the bonds herein sued on, each due March 15, 1945, were purchased by the Bank for value; that the other seven bonds came into the possession of the Bank as collateral on notes held by that bank; that said transactions occurred in 1936 and 1937 prior to the maturity of the bonds; that the bank took the bonds in good faith and for value without notice of any infirmity or defect in the title of the persons negotiating them; that the bonds were purchased from the Bank by Weil, Roth and Irving Company in September, 1945; that the purchaser was not a party to any fraud or illegality affecting the bonds; that the Bank was a holder in due course of said bonds; and that Weil, Roth and Irving Company acquired all the rights of the Bank in the bonds.

These findings and conclusions are supported by the evidence hereinabove briefly reviewed, with the following exception. With respect to the seven bonds acquired by the Bank as pledgee, it was a holder in due course only to the extent of the amount due the bank, which indebtedness the pledge secured. Thomas v. Siddens, 261 Ky. 613, 617, 88 S.W. 2d 277. Upon remand of the case, the District Judge will make a finding on this factual issue, hearing additional testimony if necessary.

■ Appellant challenges the conclusions drawn by the District Judge from the facts, on the ground that the failure to prove the passage of an ordinance authorizing sale or delivery of the bonds is such an inherent defect in the validity of the bonds that it is available as a defense even against a holder in due course. It relies upon the rule that a failure on the part of a municipality to comply with the constitutional or statutory provisions governing the issuance of bonds will invalidate the bonds; City of Newport v. Newport National Bank, 148 Ky. 213, 217, 146 S.W. 377; City of Louisville v. Parsons, 150 Ky. 420, 150 S.W. 498; City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 741, 179 S.W. 1074; Payne v. City of Covington, 276 Ky. 380, 388, 123 S. W.2d 1045, 122 A.L.R. 321; and that such invalidity can be asserted against a subsequent purchaser for value before maturity. Pulaski County v. Ben Hur Life Association, supra, 286 Ky. 119, 127, 149 S.W.2d 738; Women's Catholic Order of Foresters v. Trigg County, D.C. W.D.Ky., 38 F.Supp. 398. See also Levy v. Doerhoefer's Ex'r, 188 Ky. 413, 222 S.W. 515, 11 A.L.R. 207; Whitaker v. Smith, 255 Ky. 339, 73 S.W.2d 1105, 95 A.L.R. 727. In such instances the invalidity results from the fact that the ordinance authorizing the issue is invalid because it was not properly advertised, or that it was not read at more than one meeting, or that it did not contain certain provisions with respect to the interest rate or other conditions of the bonds, or that it created a debt which exceeded the debt limitation. In the present case, no attack is made upon the validity of Ordinance No. 583, which authorized the issuance of the bonds. Pursuant to it the bonds were printed and duly executed by the authorized officials. Delivery for consideration was all that was necessary to change the authorized liability into an actual liability. Although appellees failed to prove an authorized delivery pursuant to a duly ·adopted ordinance, it does not follow

that the bonds are invalid in the hands of a holder in due course.

Some of the cases involving the validity of Kentucky municipal or county bonds in the hands of holders in due course, heretofore considered by this Court, have been decided on the ground of estoppel. First Trust Co. of St. Paul v. County Board of Education, 6 Cir., 78 F.2d 114; Pulaski County, Ky. v. Eichstaedt, 6 Cir., 110 F.2d 79; Knott County v. Aid Ass'n for Lutherans, 6 Cir., 140 F.2d 630. These cases involved bonds issued prior to the enactment in 1934 of § 1649c–1, Carroll's Ky. Statutes, now § 422.140, Ky. Revised Statutes, which limited the application of the doctrine of estoppel. See Women's Catholic Order of Foresters v. Carroll County, D.C.E.D.Ky., 34 F.Supp. 140; Women's Catholic Order of Foresters v. Trigg County, D.C.W.D.Ky., 38 F. Supp. 398. We are not advised by any Kentucky decisions, which have come to our attention, of what effect, if any, such legislation would have in a case like the present one involving bonds issued in 1936. In any event, the appellees did not plead estoppel. City of Hazard v. Duff, 295 Ky. 628, 634, 175 S.W.2d 146; Matthews v. Hudson, 308 Ky. 39, 213 S.W.2d 424. The case was not tried in the District Court on the theory of estoppel, and the District Judge made no ruling with respect thereto. The present appeal does not present the question to us. Helvering v. Wood, 309 U.S. 344, 348, 349, 60 S.Ct. 551, 84 L.Ed. 796; De Waters v. Macklin Co., 6 Cir., 167 F.2d 694, 699.

However, the necessary valid delivery is established in another way. Under the Negotiable Instrument Act, where the instrument is in the hands of a holder in due course, a valid delivery thereof by the maker is *conclusively* presumed. § 356.016, Ky. Revised Statutes; Baskett v. Ohio Valley Banking & Trust Co., 214 Ky. 41, 44, 281 S.W. 1022. Nor is lack or failure of consideration a valid defense against such a holder. § 356.-028, Ky. Revised Statutes; Berryman v. Harris, 196 Ky. 21, 244 S.W. 68; Baskett v. Ohio Valley Banking & Trust Co., supra, 214 Ky. at page 44, 281 S.W. at page 1023.

Appellant contends that the section of the statute above referred to, and the general rule applicable to a holder in due course of a stolen negotiable instrument, do not apply where the instrument has been stolen from the *maker* before delivery, which it claims is the situation in the present case. See Annotations, 1 A.L.R. 717, 85 A.L.R. 357; 102 A.L.R. 28; Germania Savings Bank v. Village of Suspension Bridge, 73 Hun 590, 26 N.Y.S. 98. The present case is not strictly that type of case, but, even if so considered, it appears that the weight of authority holds that the statute is applicable and a holder in due course is protected. City of Newport Richey v. Fidelity & Deposit Co., 5 Cir., 105 F.2d 348, 350, 123 A.L.R. 1352; Cohn v. City of Taunton, 303 Mass. 182, 21 N.E.2d 281; Angus v. Downs, 85 Wash. 75, 147 P. 630, L.R.A.1915E, 351; Schaeffer v. Marsh, 90 Misc. 307, 153 N.Y.S. 96; Perlmutter v. R. & K. Leather Goods Co., Sup., 54 N.Y.S.2d 539; American Express Co. v. Anadarko, etc., 179 Okl. 606, 67 P.2d 55, 110 A.L.R. 972; Shipley v. Carroll, 45 Ill. 285; Clarke v. Johnson, 54 Ill. 296; Rainier v. LaRue, 83 Ind.App. 28, 147 N.E. 312; Ronede v. Jersey City, Fed.Cas.No.12,031a.

In the present case, the bonds were not stolen, but there was an unauthorized delivery by a city official, who along with others had access to the bonds, and who was trying unsuccessfully to sell them in an effort to carry out the purpose of the bond issue. Such facts present even a stronger case in favor of the holder in due course. We are of the opinion that in the hands of a holder in due course, the statute is applicable, and a valid delivery by the maker is conclusively presumed. Citizens' Savings Bank v. Town of Greenburgh, 173 N.Y. 215, 65 N.E. 978; Buzzell v. Tobin, 201 Mass. 1, 86 N.E. 923; Borough of Montvale v. People's Bank, 74 N.J.L. 464, 67 A. 67; Town of New-

bern v. National Bank, 6 Cir., 234 F. 209, 220–221, L.R.A.1917B, 1019; City of Newport Richey v. Fidelity & Deposit Co., supra; Cohn v. City of Taunton, supra. See also Pulaski County, Ky. v. Eichstaedt, 6 Cir., 110 F.2d 79; Cooke v. United States, 91 U.S. 389, 403–404, 23 L.Ed. 237.

Since the bonds are payable from the revenues of the Sewer System and are not obligations of the appellant, the appellees prayed for the appointment of a receiver to operate the Sewer System and to apply the revenue therefrom to the payment of the bonds. Appellant considered the action as one equitable in nature, and pleaded laches on the part of the appellees as a defense. The District Judge ruled that whether the case rested in law or in equity, the appellees were not guilty of laches, nor had any statute of limitations run against them affecting the relief granted, and appointed a receiver. Appellant contends that this action was erroneous in view of the fact that in setting up the sewer system it did not establish a system of rents and charges to pay these bonds, and had in December, 1938, repealed the ordinance which authorized the issuance of the bonds, and that the long delay in instituting this action on February 21, 1950, was prejudicial to the intervening rights of purchasers of the property served by the Sewer System. Card Creek Coal Co. v. Cline, 305 Ky. 473, 204 S.W.2d 571; Louisville Asphalt Co. v. Cobb, 310 Ky. 126, 220 S. W.2d 110, 8 A.L.R.2d 981. Delay, even though unreasonable, does not of itself constitute laches. Laches includes bad faith, silence or delay. Wisdom's Adm'r v. Sims, etc., 284 Ky. 258, 263–266, 144 S.W.2d 232. The evidence does not show that either of the appellees or their predecessors in title ever acquiesced in appellant's assertion that the bonds were invalid, or represented that they did not intend to enforce them. Only four of the fourteen bonds herein involved had matured when this action was filed, none of them being included in the claim of Exterkamp, and these four did not mature until 1942–1945. Appellant has had for many years the use and benefit of the work and material which Coolsaet Brothers contributed to the project without making any payment therefor. The present bonds are but a small portion of the total. The question of laches was addressed to the discretion of the District Judge, and will not be disturbed unless it is so clearly wrong as to amount to an abuse of discretion. Robert Hind, Limited, v. Silva, 9 Cir., 75 F.2d 74, 78; Laursen v. O'Brien, 7 Cir., 90 F.2d 792, 795. No such abuse is shown in the present case.

Appellant contends that the five-year statute of limitations, dealing with actions upon promissory notes negotiated before maturity, is applicable to the two bonds which matured in 1942 and 1943 and to the coupons which fell due more than five years before the suit was filed. § 413.120(8), Ky. Revised Statutes; Thomas v. Siddens, 261 Ky. 613, 88 S.W.2d 277; Redding v. Main, 303 Ky. 41, 44, 196 S.W.2d 887. The Kentucky statute of limitations applies to equitable actions as well as to legal actions. Ferguson v. Covington & C. El. R. & Transfer & Bridge Co., 108 Ky. 662, 671, 57 S.W. 460; Pond Creek Coal Co. v. Hatfield, 6 Cir., 239 F. 622, 626. But it must be pleaded. City of Hazard v. Duff, 295 Ky. 628, 634, 175 S.W.2d 146; Matthews v. Hudson, 308 Ky. 39, 213 S.W.2d 424. It is probable that the question is raised by the plea of laches, under which a court of equity in an equitable action will by analogy apply the statute of limitations if the statutory period has run. Ewin v. Ware, 2 B.Mon. 65, 41 Ky. 65; Gover's Adm'r v. Dunagan, 299 Ky. 38, 40–41, 184 S.W.2d 225; Dixie Margarine Co. v. Shaefer, 6 Cir., 139 F.2d 221, 224. However, we are of the opinion that the action, not seeking to enforce a financial obligation against the appellant, but being essentially one against the appellant for breach of its written obligation to collect revenues from the sewer system and to apply them to the payment of the bonds, is controlled by the fifteen-year limitation as

provided by § 413.090(2), Ky. Revised Statutes. City of Corbin v. Becker, 297 Ky. 485, 487, 180 S.W.2d 419. The coupons partake of the same nature and are governed by the same statute. City of Lexington v. Butler, 14 Wall. 282, 296, 20 L.Ed. 809; Amy v. City of Dubuque, 8 Otto 470, 474, 25 L.Ed. 228. The District Judge was correct in rejecting the defense of limitations.

The judgment, as so modified, is affirmed, and the case is remanded for further proceedings in connection with the receivership.